JAMES M. GARY AND OTHERS, APPELLANTS, *v.* YORK MINING COMPANY AND OTHERS, RESPONDENTS.

CORPORATIONS.— ASSESSMENTS.— FORFEITURE.— Under the statutes of Utah Territory the directors of a corporation have the right to levy an assessment to pay debts, upon fully paid up capital stock, but unless the articles expressly provide otherwise the remedy is limited to a forfeiture and sale of the stock, compare *Henderson* v. *Turngren, ante.*

ID.—ARTICLES OF AGREEMENT.—WORKING CAPITAL.—ASSESSMENT.—Where the articles of agreement set apart a certain amount of the capital stock for working capital, and provided that no assessment should be levied until the working capital was exhausted, *held* that, when reasonable efforts had been made to dispose of this working capital but no offer was obtained therefor, the board of directors had the right to levy an assessment for the purpose of paying debts, whether the articles provide for such assessment or not.

ID.—CALLS.—ASSESSMENTS.—The word "assessment" where used in the statutes in regard to private corporations includes, *semble*, both "calls" and statutory assessments and no distinction seems to be made between the two terms.

APPEAL from a judgment of the district court of the third district, Hon. George W. Bartch, judge.

The findings showed by the articles of agreement that the stock was fully paid up, and that no assessment should be levied until the working capital provided for had been exhausted, and that the private property of corporators should not be liable for corporate debts. The sole assignment of error was the assessment was invalid because the treasury stock was not exhausted.

*Mr. Charles S. Varian* and *Mr. C. F. Loofbourow,* for the appellants.

In this discussion we use the word "assessment" in its proper sense as distinguished from a "call." The power to levy an assessment is wholly dependent upon a statute or the articles of incorporation and will not lightly be inferred therefrom. 2 Beach on Corp. sec. 590, Cook on Stockholders, sec's, 241, 242; *Gray* v. *Coffin,* 63 Mass. 199; *Myers* v. *Irwin,* 2 S. and R. 371; *Terry* v. *Little,* 101 U. S. 217. It is the capital stock, including unpaid subscriptions, that is the trust fund for creditors. Morawetz on Corp. sec. 821; *Sanger* v. *Upton,* 91 U. S., 60. Shares in a corporation are private property. Comp. Laws, sec. 2880.

To subject the shares of the stockholder to forfeiture for payment of debts is to take his private property for that purpose. Does the statute or the articles confer that power? The legislature has committed this question to the determination of the stockholders (secs. 2268, 2286, Compiled Laws of 1888), and the grant of power to levy assessments and to make calls must be construed in the light of the pro-

30

nounced general purpose of the act to permit the exemption of the private property of the stockholders.    Here the articles provide that the private property of the stockholders shall not be liable for corporate debts.    Section 2374, Comp. Laws of 1888, in its first two paragraphs provides for calls upon stock not fully paid up.    Sections 2375 and 2393 are not grants, but simply limitations and the last section cannot be construed as giving the board of directors power to forfeit the stock for non-payment of an assessment to pay debts, where the stock is fully paid up.    *Railway Co.* v. *Spreckels,* 65 Cal. 201.    This statute we adopted with this construction.

The court *in banc* overruled this opinion, it is true, but in California individual corporators are proportionately liable for corporate debts and Cook on Stockholders disapproves the last ruling (sec. 242, note 2).    But sec. 2374 and the following sections are really meant to provide for calls and to limit the amount of each call.    This construction reconciles the whole act.

*Mr. Samuel McDowall,* for the respondents.

Cited *Sullivan* v. *Mining Co.,* 39 Cal. 465; *Railway Co.* v. *Spreckels, supra*; *Sayre* v. *Gas Co.,* 69 Cal. 207; *Taylor* v. *Mining Co.,* 79 Cal. 285; *Younglove* v. *Steinman,* 80 Cal. 375; *Marshall* v. *Mining Co.,* 16 Nev. 156, and *Re Mining Co.,* 7 Sawy. 30, 8 Sawy. 366.

ZANE, C. J.:

It appears from the record in this case that the plaintiffs were the owners of 2,415 shares of paid up stock of the defendant, the York Mining Company; that its capital stock consisted of $200,000 shares of the par value of $5 each; that by the articles of incorporation 50,000 shares were set apart to be used in developing its mine; that all

the rest was subscribed; that the articles also provided that no assessment should be levied on any of the stock for any purpose until the stock so set apart should be exhausted.

It also appears that the indebtedness of the company due for working and developing the mine was $1,300, and that there was no money in the treasury to pay it; that the directors failed to sell any of the stock upon reasonable effort to do so; that they made an assessment of one and one-half cents per share upon all the subscribed stock; that the plaintiffs failed to pay the assessment on their stock; that the directors ordered the collection thereof; that upon due notice the plaintiff's stock was sold to pay such assessment, and that the company became the purchaser.

From the decree of the court below declaring the company to be the legal holder of the stock so purchased the plaintiffs prosecuted this appeal and assign as error the giving of this decree.

The question arises had the company the right, under the statutes of Utah relating to private corporations to assess the stock and to sell it upon failure of the plaintiffs to pay the assessment?

The statutes bearing on the question are as follows:

"Sec. 2374. The directors of any corporation existing under the laws of this Territory, after one-fourth of its capital stock has been subscribed, may, for the purpose of paying expenses, conducting business or paying debts, levy and collect assessments upon the subscribed capital stock thereof in the manner and form and to the extent hereinafter provided.

"Sec. 2375. No assessment shall exceed the ten per cent. of the amount of the capital stock named in the articles of incorporation except in the cases in this section otherwise provided for, as follows:

"If the whole capital of a corporation has not been paid up, and the corporation is unable to meet its obligations or to satisfy the claims of its creditors, the assessment may be for the full amount unpaid upon its capital stock, or if a less amount be sufficient, then it may be for such a percentage as will raise that amount.

"Sec. 2393. Any person who is the holder of full paid-up capital stock shall not be liable for any assessment or for any indebtedness of the corporation otherwise than by sale of his or her stock, as herein provided, unless distinctly provided for in the articles of incorporation, which articles of incorporation shall not be changed in this respect without the consent of all stockholders in writing." Vol. 2 C. L. Utah 1888.

After one-fourth of the stock was subscribed the section first quoted gave the directors the right to make and collect assessments on the stock to pay expenses, to conduct business and to pay the debts of the corporation. The next section limits the assessment, when the capital stock has been paid up, to ten per cent. of it; and the last section quoted declares that the holder of paid up stock "shall not be liable for any assessment or for any indebtedness of the corporation otherwise than by its sale unless provided for in the articles of incorporation."

It follows that the York Mining Company had the legal right to make the assessment and sale which the plaintiffs complain of.

The plaintiffs insist that the assessment and sale of their stock was invalid because the 50,000 shares of stock set apart for working capital had not been sold.

The articles did provide that no assessment should be made until the working capital should be exhausted.

We incline to the opinion that this provision was binding on the directors. But the evidence in the record shows that they were unable to sell the stock so reserved; that

they were unable to convert it into money and apply it to the payment of the debts of the corporation. When the means by which the stock could be applied to the payment of debts was exhausted, the stock itself as a means of paying indebtedness was also exhausted.

We find no error in this record.

The judgment of the court is affirmed.

SMITH, J., and MINER, J., concurred.