# DOTSON v. HOGGAN.

No. 2566. Decided April 2, 1914 (140 Pac. 128).

1. CORPORATIONS—STOCKHOLDERS—ASSESSMENTS—PAYMENT. Where defendant deposited in a bank to a corporation's credit $500 of his own money, all of which he used in paying corporate debts, he was entitled to credit for such sum on an assessment subsequently levied on his stock. (Page 296.)

2. CORPORATIONS — CREDITORS — STOCKHOLDERS — RIGHT TO SUE. A creditor of a corporation has no cause of action on which he may sue a stockholder directly for a corporate debt arising out of an assessment on the stock, unless the stockholder has consented to be so sued, but may only enforce such liability by process of garnishment. (Page 298.)

3. CORPORATIONS — STOCKHOLDERS — ASSESSMENTS — ENFORCEMENT. Under Comp. Laws 1907, sec. 315, subd. 11, providing that the private property of a corporate stockholder if so provided in the articles is not liable for corporate debts, a stockholder may not be sued by the corporation for an unpaid assessment levied on full-paid stock, and his property taken to pay the same, but the assessment may only be enforced by a forfeiture of his stock or so much thereof as may be necessary to pay the assessment and a public sale thereof. (Page 298.)

APPEAL from District Court, Seventh District; *Hon. M. L. Ritchie*, Presiding Judge.

Action by R. W. Dotson against James W. Hoggan.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED.

*Willard Hansen* for appellant.

*Dilworth Woolly* and *Lewis Larsen* for respondent.

FRICK, J.

This is an action by a creditor of the States Mining Company, a mining corporation of Utah, against one of the stockholders of said corporation. The plaintiff obtained judgment against the stockholder, and he appeals.

Counsel for the plaintiff, respondent here, in their brief, say: "There is not much controversy between the parties to this action as to what the facts are." We concur in that statement. The difficulty in this case, however, does not arise with respect to the facts, but it arises with regard to the application of the law to the facts. The controlling facts, briefly stated, are as follows:

The appellant and a number of his neighbors, all of whom live at Manti, Sanpete County, Utah, were stockholders of the States Mining Company, which owned and operated a mine located in Beaver County, Utah. The respondent is a merchant of Minersville, Utah, and in furnishing supplies for the corporation aforesaid became

one of its creditors. In September, 1907, appellant was installed as general manager of said mine. At that time the mining company was indebted to a number of creditors of whom respondent was one. It appears from the evidence that the stockholders from time to time, or from month to month, made voluntary contributions, by some called assessments, from the proceeds of which the current expenses arising from the operation of the mine were paid; the mine itself not yielding any returns whatever. On the 25th day of September, 1907, the appellant deposited in the bank to the credit of the company the sum of $500 of his own money all of which he used in paying company debts. On the 15th of October, 1907, appellant returned from Beaver County, where he had been carrying on the mining work at the mine, to Manti. At about that time, it seems, an informal meeting of a large number of the stockholders was held at Manti and the question of raising funds to pay off the debts of the company was discussed. Appellant then reported that the debts of the company amounted to about $2500, and that a one-half cent assessment, if paid in on the 500,000 shares of company stock outstanding, would produce that sum; that the amount of his assessment at that rate would amount to $1,000, which he was willing to contribute if the other stockholders would contribute in like proportion. This, it seems, was agreed to by all present at the meeting. Pursuant to this agreement, one stockholder was assessed $187.50, another $82.50, a third $82.50, a fourth $45.25, a fifth $45.25, a sixth $86.50, a seventh $94.50, and an eighth $90.50; all of whom paid their respective assessments to appellant and said money was by him used in paying the debts of the company. In addition to the foregoing, there were also a few additional amounts paid in by some stockholders residing in Beaver County. The appellant contributed $500 in addition to the $500 he had already advanced, and the whole contention arises with respect to whether he was legally required to pay $1000 in addition to the $500 advanced by him in September as aforesaid. The trial court found that he should pay $1000 in addition to the

$500 he had paid and entered judgment against him in favor of respondent for the sum of $391.37, and for $51.15 costs. The reason the court did not enter judgment for the full $500 was because he allowed appellant credit on some payments he had made to some creditors of the company but refused to allow him credit for the full $500 paid by him in September, although the court found that all of that amount was paid to the creditors of the company by appellant. We have carefully considered all of the evidence, and we cannot see how the court's findings and judgment can be sustained. If they are sustained, it will result in requiring appellant to pay a three-quarter cent assessment on his shares of stock while all the other stockholders are required to pay only a one-half cent assessment on theirs. Such an unequal burden should not be imposed upon a stockholder unless it is clear he has agreed to it and that it is in compliance with law. Suppose the corporation should have sued appellant to recover the $1000 assessment. Is it not clear that he could have offset the amount of the $500 which he had advanced for the company against the claim of $1000? The respondent certainly enjoys no higher right against appellant than the corporation would have had.

Indeed, in our judgment, the respondent as a creditor of the corporation has no cause of action against appellant as a stockholder for a corporate debt unless the latter consented to be sued. There is no statute in this state whereby a creditor of a corporation may bring an action directly against a stockholder without the latter's consent to recover upon a corporate debt. Of course, if a **2, 3** stockholder is indebted to the corporation, a creditor of the latter may sue it, and in that action may garnishee the stockholder, and thus reach the money the stockholder owes to the corporation; but a creditor may not sue a stockholder directly and obtain judgment against him because he is indebted to the corporation. Under our statutes the private property of the stockholder, if so provided in the articles, is not liable for corporate debts. (Comp. Laws 1907, section 315, subv. 11.) A stockholder, therefore, may not be sued

by a corporation to recover an unpaid assessment which is levied on full-paid stock and his private property taken to pay the assessment. In view that the private property of a stockholder does not become liable, he has the option to pay the assessment upon his full-paid stock, or he may forfeit the stock or so much thereof as may be necessary to pay the assessment; such stock to be offered for sale at public sale. This is so because under our statutes (Comp. Laws 1907, section 331, as construed by this court in *Garey v. St. Joe Min. Co.*, 32 Utah, 497, 91 Pac. 369, 12 L. R. A. (N. S.) 554; *Nelson v. Keith-O'Brien Co.*, 32 Utah, 396. 91 Pac. 30), all assessments on full-paid stock are voluntary; that is, they can be made only by and with the consent of the stockholder. Such consent may be expressed in the articles of incorporation, as is usually done, or it may be given as was done in this case. But whether it is given in one way or the other the legal effect is the same, namely, the stockholder has the option either to pay the assessment or forfeit his stock, and unless he consents he may not be sued in the courts to recover the assessment by the corporation, much less by one of its creditors. If this were permitted, the statute exempting the stockholder's private property would be nullified by the courts. Treating this case, therefore, as one where the stockholder has consented to be sued—that is, where he did not timely interpose the necessary objection that he could not be sued to recover the alleged unpaid assessment—yet, in so treating it, we have been forced to the conclusion that, as a matter of both fact and law, the stockholder in this case, the appellant here, has paid in full the one-half cent assessment on his stock to which he assented, by the payment of the $500 in September and the remaining $500 in October following when the other stockholders paid their assessments. Assuming therefore that he has waived all other objections to being sued by respondent, yet he certainly did not waive the right of making the defense of payment. This defense was open to him under all circumstances, and if he had consented to be sued by the corporation itself he could have successfully defended the suit on that ground,

and what he could have done as against it. he certainly, in the absence of an estoppel, may also do as against a creditor of the corporation.

For the reasons stated, the judgment cannot prevail. It is therefore reversed, and the cause remanded to the district court of Sanpete County, with directions to grant appellant a new trial and to proceed with the case in accordance with the views herein expressed. Appellant to recover costs.

McCARTY, C. J., and STRAUP, J., concur.