## A. Y. MORE v. THE COURIER-NEWS, a Corporation, and E. D. Guild.

(151 N. W. 2.)

**Corporations — stock of — issued and paid up — assessment upon — unless declared nonassessable by by-laws.**

1. Under §§ 4570–4572, Comp. Laws 1913, an assessment may be made upon capital stock of a corporation issued and paid for, unless the by-laws of the corporation make the same nonassessable.

**Assessment — limited — capital stock — articles.**

2. Such assessment is limited to 10 per cent of the capital stock named in the articles of incorporation which, in the case at bar, is $50,000, and authorizes an assessment of $5,000.

Opinion filed January 15, 1915. Rehearing denied February 10, 1915.

Appeal from the District Court of Cass County, *Pollock,* J. Affirmed.

*A. W. Fowler* and *Pollock & Pollock,* for appellant.

Fully paid stock is not assessable under the laws of this state. Cali-

---

Note.—In the absence of statutory authority or special power conferred upon the directors of a corporation by the articles of incorporation, the corporation has no power to make calls or assessments on fully paid-up stock, or stock which is issued as fully paid up. This is clearly shown by the authorities on the subject reviewed in notes in 45 L.R.A. 648 and 22 L.R.A.(N S.) 1013.

fornia Trona Co. v. Wilkinson, 20 Cal. App. 694, 130 Pac. 190; Goodnow v. American Writing Paper Co. 72 N. J. Eq. 645, 66 Atl. 607; Wells v. Green Bay & M. Canal Co. 90 Wis. 442, 64 N. W. 69'; Wall v. Basin Min. Co. 16 Idaho, 313, 22 L.R.A.(N.S.) 1013, 101 Pac. 733; Scovill v. Thayer, 105 U. S. 143, 26 L. ed. 968; Dickerman v. Northern Trust Co. 176 U. S. 181, 44 L. ed. 423, 20 Sup. Ct. Rep. 311; Elyton Land Co. v. Birmingham Warehouse & Elevator Co. 92 Ala. 407, 12 L.R.A. 307, 25 Am. St. Rep. 65, 9 So. 129; First Nat. Bank v. Gustin Minerva Consol. Min. Co. 42 Minn. 327, 6 L.R.A. 676, 18 Am. St. Rep. 510, 44 N. W. 198; O'Dea v. Hollywood Cemetery Asso. 154 Cal. 53, 97 Pac. 1; Southern Trust & D. Co. v. Yeatman, 67 C. C. A. 456, 134 Fed. 811; Shaw v. Straight, 107 Minn. 152, 20 L.R.A.(N.S.) 1077, 119 N. W. 951; Callanan v. Windsor, 78 Iowa, 193, 42 N. W. 652; Easton Nat. Bank v. American Brick & Tile Co. 69 N. J. Eq. 326, 60 Atl. 54; Ersfeld v. Exner, 128 App. Div. 135, 112 N. Y. Supp. 561; Parmelee v. Price, 208 Ill. 544, 70 N. E. 725; Randall Printing Co. v. Sanitas Mineral Water Co. 120 Minn. 268, 43 L.R.A.(N.S.) 706, 139 N. W. 606; Hoffman Motor Truck Co. v. Erickson, 124 Minn. 279, 144 N. W. 952.

The same was the rule at common law. Enterprise Ditch Co. v. Moffitt, 58 Neb. 642, 45 L.R.A. 647, 76 Am. St. Rep. 122, 79 N. W. 560; Lowry v. Inman, 46 N. Y. 119; Duluth Club v. MacDonald, 74 Minn. 254, 73 Am. St. Rep. 344, 76 N. W. 1128; Cook, Corp. 6th ed. § 241.

One of the benefits resulting from incorporation is the fact that liability is made definite and certain. Smith v. Huckabee, 53 Ala. 191; Spense v. Iowa Valley Constr. Co. 36 Iowa, 407; Santa Cruz R. Co. v. Spreckles, 65 Cal. 193, 3 Pac. 661, 802; Rev. Codes 1913, §§ 4570–4572.

The statute authorizing an assessment on stock means that the subscribed stock, and not the authorized stock, may be assessed. Gary v. York Min. Co. 9 Utah, 464, 35 Pac. 494.

*Watson & Young* and *E. T. Conmy,* for respondents.

Fully paid-up capital stock of a corporation is assessable under the laws of this state. Comp. Laws 1913, §§ 4570–4588; Sullivan v. Triunfo Gold & S. Min. Co. 39 Cal. 465; Santa Cruz R. Co. v. Spreckles, 65 Cal. 193, 3 Pac. 661, 802; Sayre v. Citizens' Gaslight & Heat

Co. 69 Cal. 207, 10 Pac. 408; Bottle Min. & Mill. Co. v. Kern, 9 Cal. App. 527, 99 Pac. 994; Lum v. American Wheel & Vehicle Co. 165 Cal. 657, 133 Pac. 303, Ann. Cas. 1915A, 816; Browne v. San Gabriel River Rock Co. 22 Cal. App. 682, 136 Pac. 542; Younglove v. Steinman, 80 Cal. 375, 22 Pac. 189; San Bernardino Invest. Co. v. Merrill, 108 Cal. 490, 41 Pac. 487; Ventura & O. Valley R. Co. v. Hartman, 116 Cal. 260, 48 Pac. 65; Kohler v. Agassiz, 99 Cal. 9, 33 Pac. 741; Von Horst v. American Hop & Barley Co. 177 Fed. 979.

Where a state takes and adopts a statute from another state, the construction theretofore placed upon such statute by the courts of the state from which it is taken is also taken and adopted. State v. Stevens, 19 N. D. 249, 123 N. W. 888; Beddow v. Flage, 20 N. D. 66, 126 N. W. 97.

The right of a corporation to make an assignment on stock and to sell the same in case of delinquency is well settled. Bottle Min. & Mill. Co. v. Kern, 9 Cal. App. 527, 99 Pac. 994; People's Home Sav. Bank v. Stadtmuller, 150 Cal. 110, 88 Pac. 280; Lum v. American Wheel & Vehicle Co. 165 Cal. 657, 133 Pac. 303, Ann. Cas. 1915A, 816.

The statute becomes a part of the contract between the stockholder and the corporation just as much as though its provisions were embodied in the contract, subject only to the rule that the statutory mode must be strictly followed. Bottle Min. & Mill. Co. v. Kern, 9 Cal. App. 527, 99 Pac. 994; Los Angeles Athletic Club v. Spires, 166 Cal. 173, 135 Pac. 298; Weber v. Della Mountain Min. Co. 14 Idaho, 404, 94 Pac. 441; Lum v. American Wheel & Vehicle Co. 165 Cal. 657, 133 Pac. 305, Ann. Cas. 1915A, 816; Callahan v. Chilcott Ditch Co. 37 Colo. 331, 86 Pac. 123; Gary v. York Min. Co. 9 Utah, 464, 35 Pac. 494; Wall v. Basin Min. Co. 16 Idaho, 313, 22 L.R.A.(N.S.) 1013, 101 Pac. 733; Nelson v. Keith-O'Brien Co. 32 Utah, 396, 91 Pac. 30; 26 Am. & Eng. Enc. Law, 923.

It is conceded that, in the absence of statutory authority, or power conferred by the articles, or some other promise to pay, fully paid-up capital stock cannot be assessed. Bottle Min. & Mill. Co. v. Kern, 9 Cal. App. 527, 99 Pac. 994; Los Angeles Athletic Club v. Spires, 166 Cal. 173, 135 Pac. 298; Union Sav. Bank v. Leiter, 145 Cal. 696, 79 Pac. 441; Callahan v. Chilcott Ditch Co. 37 Colo. 331, 86 Pac. 123; Mirage Irrig. Co. v. Sturgeon, 77 Neb. 175, 108 N. W. 977; Blue

Mountain Forest Asso. v. Borrowe, 71 N. H. 69, 51 Atl. 670; Smith v. Iron Mountain Tunnel Co. 46 Mont. 13, 125 Pac. 649, Ann. Cas. 1914B, 551; Price's Appeal, 106 Pa. 421; Redkey Citizens' Natural Gas Co. v. Orr, 27 Ind. App. 1, 60 N. E. 716; Gardner v. Hope Ins. Co. 9 R. I. 194, 11 Am. Rep. 238; Carter R. & Co. v. Samuel Hano Co. 73 N. H. 588, 64 Atl. 201; Western Improv. Co. v. Des Moines Nat. Bank, 103 Iowa, 455, 72 N. W. 657; Dewey v. St. Albans Trust Co. 57 Vt. 332.

The stockholder can make his contract as he sees fit. All the courts can do is to enforce it. Santa Cruz R. Co. v. Spreckles, 65 Cal. 193, 3 Pac. 661; Garey v. St. Joe Min. Co. 32 Utah, 497, 12 L.R.A.(N.S.) 554, 91 Pac. 369; Wall v. Basin Min. Co. 16 Idaho, 313, 22 L.R.A. (N.S.) 1013, 101 Pac. 733.

Where stock is issued and has printed thereon the word "nonassessable," such word becomes a part of the contract between the stockholder and the corporation, and may be enforced by the stockholder. Lum v. American Wheel & Vehicle Co. 165 Cal. 657, 133 Pac. 303; Browne v. San Gabriel River Rock Co. 22 Cal. App. 682, 136 Pac. 542; Scovill v. Thayer, 105 U. S. 143, 26 L. ed. 968; Handley v. Stutz, 139 U. S. 417, 35 L. ed. 227, 11 Sup. Ct. Rep. 530; Dickerman v. Northern Trust Co. 176 U. S. 181, 44 L. ed. 423, 20 Sup. Ct. Rep. 311; Elyton Land Co. v. Birmingham Warehouse & Elevator Co. 92 Ala. 407, 12 L.R.A. 307, 25 Am. St. Rep. 65, 9 So. 129.

The courts have nothing to do with the question of the necessity or wisdom of an assessment, nor with the motive which prompted the levy. Oglesby v. Attrill, 105 U. S. 605, 26 L. ed. 1186; Dickerman v. Northern Trust Co. 176 U. S. 181, 44 L. ed. 423, 20 Sup. Ct. Rep. 311; Nashua Sav. Bank v. Anglo-American Land, Mortg. & Agency Co. 189 U. S. 230, 47 L. ed. 786, 23 Sup. Ct. Rep. 517; Weber v. Della Mountain Min. Co. 14 Idaho, 404, 94 Pac. 441.

The majority stockholders have the right to vote as they please and elect such directors as they wish, regardless of the wishes of the minority stockholders. Weber v. Della Mountain Min. Co. 14 Idaho, 404, 94 Pac. 441; Faulds v. Yates, 57 Ill. 416, 11 Am. Rep. 24, 3 Mor. Min. Rep. 551; Von Horst v. American Hop & Barley Co. 177 Fed. 979; Beitman v. Steiner Bros. 98 Ala. 241, 13 So. 87.

The appellant had and has a plain, speedy, and adequate remedy at

law, and the court did not abuse its discretion in refusing to grant the temporary injunction. High, Inj. §§ 34, 35; 27 Century Dig. "Injunction," § 8, and cases cited; Burton v. Walker, 13 N. D. 149, 100 N. W. 257; Dewing v. Perdicaries, 96 U. S. 193, 24 L. ed. 654; Herbert Kraft Co. Bank v. Bank of Orland, 133 Cal. 64, 65 Pac. 143; Pratt v. Taunton Copper Mfg. Co. 123 Mass. 110, 25 Am. Rep. 37, 13 Mor. Min. Rep. 590; Pollock v. National Bank, 7 N. Y. 274, 57 Am. Dec. 525; Cushman v. Thayer Mfg. Jewelry Co. 76 N. Y. 369, 32 Am. Rep. 315; Continental Hose Co. v. Mitchell, 15 N. D. 144, 105 N. W. 1108; Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 343; Montgomery Ward & Co. v. South Dakota Retail Merchants' & Hardware Dealers' Asso. 150 Fed. 413; 22 Cyc. 753, Injunction; Dickson v. Dows, 11 N. D. 404, 92 N. W. 797; Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441.

BURKE, J. The defendant is a domestic corporation of $50,000 common stock, par value $100 each. Of this common stock, $36,000 has, and $14,000 has not, been subscribed and issued. Plaintiff is the holder of 100, and the defendants Guild are the owners of 260, shares. Plaintiff's stock was marked "fully paid" upon its face at the time it was issued. The defendants Guild are in control of the board of directors and of the management of the corporation. In August, 1914, such board of directors attempted to levy an assessment against the issued stock for the gross sum of $4,996.80, or $13.88 upon each share actually issued. Plaintiff applied to the district court of Cass county for a permanent injunction against said assessment, claiming (a) that his stock was not subject to any assessment whatever under the laws of this state, and (b) that in case any assessments were proper, the assessment exceeded the 10 per cent limitation subscribed by § 4571, Comp. Laws 1913. The trial court denied such relief and this appeal followed. It is conceded that unless authorized by statute, no assessment can be made upon paid-up stock, and that if there is any authority for the position in question, it must be in the following sections of the Compiled Laws of 1913, of which §§ 4570–4572 read as follows:

Assessment of stock.

§ 4570. When levied.—The directors of any corporation formed or existing under the laws of this state, after one fourth of its capital stock has been subscribed, may, for the purposes of paying expenses, conducting business or paying debts, levy and collect assessments upon the subscribed capital stock thereof in the manner and form and to the extent provided herein.

§ 4571. Limitation of.—No assessment must exceed 10 per cent of the amount of the capital stock named in the articles of incorporation, except in the cases in this section otherwise provided for, as follows:

1. If the whole capital of a corporation has not been paid up, and the corporation is unable to meet its liabilities, or to satisfy the claims of its creditors, the assessment may be for the full amount unpaid upon the capital stock; or, if a less amount is sufficient, then it may be for such a percentage as will raise that amount.

2. The directors of railway corporations may assess the capital stock in instalments of not more than 10 per cent per month, unless in the articles of incorporation it is otherwise provided.

3. The directors of fire or marine insurance corporations may assess such a percentage of the capital stock as they deem proper.

§ 4572. When new assessment can be levied.—No assessment must be levied while any portion of a previous one remains unpaid, unless:

1. The power of the corporation has been exercised in accordance with the provisions of this article for the purpose of collecting such previous assessment.

2. The collection of the previous assessment has been enjoined; or,

3. The assessment falls within the provisions of either the first, second or third subdivisions of § 4571.

Referring to those sections, the appellant in his brief says: "Is there any room for doubt that the *subscribed capital stock* referred to in § 4570, upon which only assessments may be levied and collected, is the same subscribed capital stock referred to in the other sections? Clearly the same thing is referred to. That being so, it plainly follows that the subscribed capital stock referred to in said § 4570 does not include fully paid *capital stock.*" In other words, it is their con-

tention that because their stock is marked "fully paid" it can under no circumstances be assessed.

As nearly as we can learn, this class of legislation was first enacted in California about the year 1853, but contained a positive declaration that no assessment could be made upon fully paid-up stock. Later, and in 1864, the legislature of that state changed the law and made provision for such assessment. Minor changes were made in 1866 and the whole was incorporated in the California Code of 1872. The California courts passed upon the statute of 1864 in Sullivan v. Triunfo Gold & S. Min. Co. 39 Cal. 465, and after further amendment the statute was again construed in Santa Cruz R. Co. v. Spreckles, 65 Cal. 193, 3 Pac. 661, 802. In this later case, which was decided in 1884, the identical question arose which confronts us in the case at bar. The California court says, after reviewing the history of the legislation: "The conclusion is, to our minds, irresistible, that, in enacting the sections of the Code in question, it [the legislature] not only did, but clearly intended to, authorize, for the purposes and subject to the limitations prescribed, assessments upon stock fully paid for, as well as assessments for the amount unpaid thereon." It is true, this opinion was concurred in by four justices and dissented to by three, but many sessions of the California legislature intervened from that time to this, and no effort has been made to change the statute as construed, while the courts of that state have repeatedly recognized the correctness of such holding. See: Sayre v. Citizens' Gaslight & Heat Co. 69 Cal. 207, 10 Pac. 408; Bottle Min. & Mill. Co. v. Kern, 154 Cal. 96, 97 Pac. 25, 9 Cal. App. 527, 99 Pác. 994; Lum v. American Wheel & Vehicle Co. 165 Cal. 657, 133 Pac. 303, Ann. Cas. 1915A, 816; Younglove v. Steinman, 80 Cal. 375, 22 Pac. 189; San Bernardino Invest. Co. v. Merrill, 108 Cal. 490, 41 Pac. 487; Ventura & O. V. R. Co. v. Hartman, 116 Cal. 260, 48 Pac. 65; Kohler v. Agassiz, 99 Cal. 9, 33 Pac. 741.

During said time, the United States circuit court for the district of California, in Von Horst v. American Hop & Barley Co. 177 Fed. 979, not only followed the California ruling, but approved the same, saying: "My own views as to the proper interpretation of the provisions of the Code are in full accord with those expressed by Judge Ross (the Santa Cruz Case)." And in the meantime the statute had

been adopted in other states, and had been construed in Idaho in Weber v. Della Mountain Min. Co. 14 Idaho, 410, 94 Pac. 441, and Wall v. Basin Min. Co. 16 Idaho, 313, 22 L.R.A.(N.S.) 1013, 101 Pac. 733, and by the supreme court of Utah in Gary v. York Min. Co. 9 Utah, 464, 35 Pac. 494, and in Nelson v. Keith-O'Brien Co. 32 Utah, 396, 91 Pac. 30. In each of the above-named cases, California's ruling was followed. No decision has been called to our attention to the contrary.

. The statute was adopted in Dakota territory in 1877 after the Sullivan v. Triunfo Gold & S. Min. Co. decision and before the Spreckles decision. While not absolutely bound by the construction given by the California courts, yet, under the circumstances, those decisions should be given great weight in this state.

It is desirable to have all of the states in accord in construing the same statute, and we might rest our decision in this case upon that ground alone; but, on the other hand, we would not hesitate to announce a contrary decision if we believe the California case wrong in principle, and for this reason we have investigated carefully the arguments advanced by both parties to this appeal, and have reached the conclusion that the respondent is supported by the better reasoning. We will notice only a few of the more persuasive arguments advanced by the respondent. First, it is customary where the stockholders wish to avoid such further assessment, to have incorporated in the by-laws of the corporation a positive provision that the stock shall be nonassessable, and this is thereupon printed upon the face of the certificates. If appellant's construction of the statute is correct, this would be an idle act. · And again, all through article 10, which contains the section above enumerated, the expression "subscribed capital stock" is used in referring to the entire stock of the corporation, and not, as contended by appellant, to only those subscribers who are in arrears upon their initial payment. For instance, § 4534 provides that the assent of all stockholders representing a majority of all the "subscribed capital stock" is necessary to adopt by-laws. It cannot be meant that only those members who are in arrears in paying for the capital stock can vote upon this important question; and in § 4537 it is provided that the by-laws may be amended or repealed in a like manner. Section 4547 provides that "at all elections or votes had for any purpose there must

be a majority of the subscribed capital stock . . . represented either in person or by proxy." Can it be that this term applies only to members who have not paid in full for their stock? And in § 4563 provision is made for changing the corporate name upon the written assent of the holders of three fourths of the "subscribed capital stock." As is said in respondent's brief, in order to sustain appellant's contention, it would be necessary to write into the statute the words: "Subscribed capital stock *upon which subscriptions have not been paid in full.*" No hardship can come from this construction. No person is obliged to buy stock in a corporation, and if he wishes to limit his liability and to protect himself from assessment he can have that provision inserted in his contract with the corporation, which is the by-laws. If the by-laws provide that the stock is nonassessable, he cannot be assessed. If they do not so provide, under the authority of § 4570, Comp. Laws 1913, they may, provided the assessment is in all other particulars legal. We do not understand that the assessment is challenged in any other particular in this litigation.

(2) This brings us to the second proposition of the appellant; namely, that even if an assessment is authorized by our statutes, it is limited to 10 per cent of the par value of the stock owned. We have already set forth § 4571, under which this limitation is claimed, and it is apparent that no assessment must exceed 10 per cent of the amount of the capital stock *named in the articles of incorporation,* except in cases otherwise provided. Upon this proposition we are cited by appellant to but one case, Gary v. York Min. Co. 9 Utah, 464, 35 Pac. 494, which, upon a casual reading, seems to support their contention, but upon a closer examination is found to turn upon another point, and not discuss such question. Respondent states no authorities upon this proposition. We have, therefore, to place the construction upon the statutes without the aid of any prior adjudication. The words: "No assessment must exceed 10 per cent of the *amount of the capital stock named in the articles of incorporation*" seem to be susceptible to but one meaning. The amount of the capital stock named in the articles of incorporation of the Courier-News Company is $50,000. The assessment in question does not exceed that. While the legislature might have provided that the assessment should not exceed 10 per cent of the *paid-in capital stock,* it has not done so.

There being no valid objection presented to the assessment aforesaid, the trial court did not abuse its discretion in refusing them a temporary injunction.