FORSYTH et al. v. SELMA MINES CO. et al.

No. 3570. Decided April 8, 1921. Rehearing Denied April 30, 1921.
(197 Pac. 586.)

1. CORPORATIONS—IN THE ABSENCE OF AUTHORITY BY STATUTE OR ARTICLES OF INCORPORATION, ASSESSMENTS CANNOT BE LEVIED ON PAID-UP STOCK. In absence of statutory authority or power conferred by the articles of incorporation or by some express promise to pay on the part of the stockholder, there can be no

valid assessment levied on the fully paid-up stock of a private corporation.[1]

2. MINES AND MINERALS—DIRECTORS OF MINING COMPANY ENTITLED TO ASSESS STOCK WITHOUT LIMITATION TO MEET EXIGENCIES OF BUSINESS, ETC. Where the articles of incorporation of a mining company whose assets consisted of unpatented mining claims provided that corporate stock should be assessable, and that assessments might be levied by the board of directors and made payable in the manner and form provided, the board had power to assess stock without limitation for any amount that might be necessary to meet the exigencies of the corporate business and protect the interests of the corporation and its stockholders.

3. STATUTES—THAT CONSTRUCTION WHICH WILL PERMIT THE ENFORCEMENT OF ALL PROVISIONS SHOULD BE ADOPTED. Where a statute is in doubt or susceptible of more than one construction, that one which will give effect to all of its provisions should be adopted over one which will not.[2]

4. MINES AND MINERALS—DIRECTORS OF MINING COMPANY NOT RESTRICTED TO STOCK ASSESSMENT OF 10 PER CENT. In view of Comp. Laws 1917, § 5839, requiring statutes to be liberally construed, the directors of a mining company who were given power to levy assessments on stock, are not restricted to the 10 per cent. assessment referred to by sections 901-903, but in view of sections 879 and 900 may levy an assessment exceeding 10 per cent., where necessary to protect the corporate property, consisting of unpatented mining claims; section 901, etc., referring to assessments on unpaid stock.

Appeal from District Court, Third District Salt Lake County; *J. W. Stringfellow*, Judge.

Action by William Forsyth and another against the Selma Mines Company and others. From a judgment for plaintiffs, demurrer to the answer having been sustained, and defendants having refused to amend, defendants appeal.

---

[1] *Gary* v. *York Min. Co.*, 9 Utah, 464, 35 Pac. 494; *Garey* v. *St. Joe Min. Co.*, 32 Utah, 497, 91 Pac. 369, 12 L. R. A. (N. S.) 554; *Nelson* v. *Keith-O'Brien Co.*, 32 Utah, 402, 91 Pac. 30; *Dotson* v. *Hoggan*, 44 Utah, 299, 140 Pac. 128.

[2] *Gary-Lombard L. Co.* v. *Partridge*, 10 Utah, 322, 37 Pac. 572.

REVERSED AND REMANDED, with directions.

*W. I. Snyder* and *Dan B. Shields,* both of Salt Lake City, for appellants.

*Carlson & Carlson,* of Salt Lake City, for respondents.

CORFMAN, C. J.

Plaintiffs brought this action as stockholders of the defendant company, a Utah corporation, to enjoin the latter and its officers, codefendants, from collecting an assessment levied against its outstanding stock. They claim that the levy is in excess of the amount authorized by law. The complaint alleges that the assessment is null and void for the following reasons:

"(a)  That the capital stock held and owned by the plaintiffs as aforesaid, and all other stockholders of said defendant corporation, is fully paid-up stock, and that the par value of said stock is five cents per share, and that said defendant corporation is incorporated for $50,000, which capitalization is divided into 1,000,000 shares of the par value of 5 cents each, and that at the time of levy of said pretended assessment No. 18, on said 8th day of July, 1920, there were issued and outstanding 718,653 shares of the capital stock of said defendant company. That said assessment of 1 cent per share is more than 10 per cent. of the outstanding capital stock of the corporation as of July 8, 1920, and in excess of the amount allowed by assessment by the statutes and laws of the state of Utah, more especially under section 902, Compiled Laws of Utah 1917.

"(b)  That it was not necessary on July 8, 1920, at the time of the levying of said pretended assessment No. 18, to levy said pretended assessment No. 18 of 1 cent per share, or to levy any assessment in excess of 10 per cent. of the outstanding capital stock of said defendant company as of July 8, 1920, for the purpose of meeting the obligations or satisfying the claims of creditors of said defendant company, and that the bona fide obligations of said defendant company and the bona fide claims of its creditors did not, on July 8, 1920, aggregate to or equal any sum or amount larger or in excess of 10 per cent. of the outstanding capital stock of said defendant company on said date of July 8, 1920."

It is also alleged by the complaint that the articles of incorporation of the defendant company provide:

"The common stock of this corporation shall be assessable, but no assessment of any kind or nature shall be levied on the preferred stock. All assessments shall be levied by the board of directors and shall be made payable in the manner and form as provided by said board."

Bad faith is also charged on the part of the officers of the defendant company in levying the assessment.

The answer admits the levying of the assessment complained of by plaintiffs, but denies bad faith on the part of the company officers, or that the levy of the assessment is illegal under the statutes, or for any reason, and in substance for an affirmative defense specifically mentions and sets forth: That the assets of the defendant company consist principally of 36 unpatented mining claims; that when said assessment was made the company had no funds, and could not sell, after earnest efforts made so to do, its unissued stock for any price commensurate with its value, and that said assessment was levied for the purpose of paying the annual labor assessment for 1920 on said claims, and to pay other debts and liabilities incurred in the interest of the stockholders in order to save and protect the company property, all of which were and are due and owing and have to be paid, amounting in all to more than the said assessment against the outstanding stock, all of which is fully paid common stock.

To the answer plaintiffs filed a general demurrer, which was sustained by the district court. Defendants declined to amend or further plead, and therefore the court rendered judgment in plaintiffs' favor, and decreed that the defendants be permanently enjoined from proceeding with the collection of said assessment.

Defendants appeal. They assign as error the giving of the decree. The only question, therefore, presented to this court for consideration is whether or not, in view of the facts pleaded, the district court was justified in holding as a matter of law the assessment invalid and enjoining its collection.

At the outset we think that it may be safely stated that it has become the settled law of this state and the general doctrine of this country, that in the absence of statutory author-

ity or power conferred by the articles of incorporation, or by some express promise to pay on the part of the stockholder, there can be no valid assessment, levied on the fully paid-up stock of a private corporation. *Gary* v. *York Min. Co.*, 9 Utah, 464, 35 Pac. 494; *Garey* v. *St. Joe Min. Co.*, 32 Utah, 497, 91 Pac. 369, 12 L. R. A. (N. S.) 554; *Nelson* v. *Keith-O'Brien Co.*, 32 Utah, 402, 91 Pac. 30; *Dotson* v. *Hoggan,* 44 Utah, 229, 140 Pac. 128; 26 A. & E. Ency. Laws, p. 923; 7 R. C. L. § 180.

It has been seen that the articles of incorporation of the defendant company expressly provide that the kind or class of stock held by the plaintiffs "shall be assessable," and that the assessments "shall be levied by the board of directors and shall be made payable in the manner and form as provided for by said board." It is not altogether clear as to what was intended by the incorporators by the use of the foregoing expressions. Plaintiffs very strenuously argue and contend that the only interpretation that can be placed upon the language employed is that the common stock may be assessed only within the limitations prescribed by our statutes. Taking into consideration the fact that unpatented mining claims form the principal, if not the only, basis for the capitalization of the defendant company, it would seem that a more logical construction would be that the incorporators must have contemplated by the expression used that the common stock should be assessable without limitation, for the purpose and the amount necessary to carry on the corporate business in general, and more especially to develop, save, and protect its mining claims and other property, thereby subserving the best interest of the company and its stockholders in the only way possible, according to the admitted facts, under the pleadings in the case. So long as the incorporators themselves saw fit to agree and expressly provide by their articles of incorporation that stock should be assessable without prescribing any limitation as to the amount, this court is impelled to hold in accord with the theory advanced by the defendants that it was fully intended by the incorporators that the board of directors of the company should be

invested with the power to assess without limitation
for any amount that might be necessary to meet the
exigencies of the corporate business and protect the interests
of the corporation and its stockholders.

But passing from the consideration of the articles of in-
corporation to the provisions of our statutes bearing on the
question involved, it seems to us that the position taken and
maintained by the plaintiffs before the district court with
respect to the levy being excessive cannot be sustained, even
though it be conceded that the articles of incorporation leave
the amount of the levy to be as provided by statute, and
therefore the statutes are entirely controlling. The statutes
(chapter 2 of the compiled Laws of Utah 1917) with respect
to assessments reads:

"Sec. 900. The full paid capital stock of any corporation * * *
shall not be assessable for any purpose whatever, except to such
extent and in such manner as may be expressly provided in the
articles of incorporation. * * *

"Sec. 901. The board of directors of any corporation, whose
capital stock shall not be full paid, may, for the purpose of paying
expenses, conducting business, or paying debts, levy and collect
assessments upon the subscribed and unpaid capital stock thereof
in such a manner and at such times as may be prescribed in the
articles of incorporation, or, if not therein provided for, in the man-
ner and form and to the extent hereinafter prescibed.

"Sec. 902. No assessment shall exceed ten per cent. of the out-
standing capital stock of the corporation, unless the corporation is
unable to meet its obligations or satisfy the claims of its creditors,
in which case the assessment may be for the full amount unpaid
upon its capital stock, or for any less amount that may be sufficient
to meet such obligations or claims.

"Sec. 903. No assessment shall be levied while a portion of a
previous one remains unpaid, unless: 1. The power of the corpora-
tion has been exercised in accordance with the provisions of this
chapter for the purpose of collecting such previous assessment;
2. The collection of such previous assessment has been enjoined or
restrained; or 3. The assessment falls within provisions of the
next preceding section [section 902]."

It is very strenuously argued and contended on the part of
the plaintiffs that section 902, above quoted, places an abso-
lute limitation upon the right to levy assessments upon fully
paid outstanding stock of 10 per cent. of the amount of the

capital stock of the corporation. In other words, that this section not only applies to assessments or calls for unpaid subscriptions, but also to issued paidup capital stock. It is very certain that this section does not in express terms so state. Therefore, in order to give it the intendment claimed for it by plaintiffs, we are required, as pointed out by the defendants, to either read something into the section that is not there, or read something out of it that is there. Under our rules of statutory construction we are reminded that where the statute is in doubt or susceptible of more than one construction, one of which will give effect to     **3** all of its provisions and the other will not, we should adopt the construction which will permit of all of its provisions being enforced. *Cary-Lombard L. Co.* v. *Partridge,* 10 Utah, 322, 37 Pac. 572. Further, the provisions of our statutes, and all proceedings under them, are to be liberally construed with a view to effect their objects and to' promote justice. Comp. Laws Utah 1917, § 5839. As pointed out, the articles of incorporation of the defendant corporation expressly provide that the common stock of the corporation "shall be assessable." Comp. Laws Utah 1917, § 900, not only recognizes the right of the incorporators to provide in the articles of incorporation for assessments upon' full-paid capital stock, but also to any extent as may be prescribed by the articles. (Section 879, ch. 1, Comp. Laws Utah 1917) dealing with the liability of stockholders, provides that—

"Full-paid capital stock of any corporation organized since March 8, 1894, or that may hereafter be organized, under the laws of this state, except as otherwise expressly provided in this title, shall not be liable for the corporate obligations, nor shall assessments be levied on such stock for any purpose whatever, except to such extent and in such manner as may be expressly provided in the articles of incorporation."

Reading sections 879 and 900 together for the purpose of arriving at the legislative intent, which we have a right to do, they seem to harmonize perfectly. Sections 901 and 902, supra, which we think have to do wholly with calls or assessments on unpaid subscriptions, do not harmonize with sections 879 and 900, which deal with assessments against paid-

up stock. They cannot be made to do so. Treating the several sections of our statutes with regard to assessments in their proper spheres, it is manifest that no confusion will result. Moreover, the conclusion seems irresistible that when incorporators expressly declare in their articles of agreement that stock "shall be assessable" without fixing the amount or prescribing any limit, as was done in the instant case, they must have had in mind and fully intended that the stock should be assessable to the extent and for the amount necessary to enable the corporation to do business along business lines, at least to such an extent as will enable the company to carry out the purposes of its organization and save and preserve the property of the company and its stockholders and to pay and meet just debts and obligations.

We think the district court erred in sustaining plaintiff's demurrer to the defendants' answer, and in ordering judgment in plaintiffs' favor in this action. It is therefore ordered that the judgment be, and the same is hereby, reversed. Let the case be remanded to the district court, with directions that the plaintiffs' demurrer to the answer be overruled and the cause proceeded with; appellant to recover cases.

WEBER, GIDEON, THURMAN, and FRICK, JJ., concur.