[L. A. No. 2108.    Department One.—July 31, 1908.]

BOTTLE MINING AND MILLING COMPANY, Respond-
ent, v. CHARLES KERN, Appellant.

APPELLATE JURISDICTION OF SUPREME COURT—ACTION AT LAW INVOLV-
ING LEGALITY OF ASSESSMENT—ASSESSMENT OF STOCK OF CORPORA-
TION NOT INTENDED.—Under section 4 of article VI of the constitu-
tion, conferring appellate jurisdiction on the supreme court in all
cases at law involving "the legality of any tax, impost, assessment,

toll, or municipal fine," the word "assessment" refers to assessments relating to public taxation or to raise funds for local public improvements, and does not include assessments or calls made by a private corporation to collect subscriptions to its capital stock or to compel its stockholders to contribute to its treasury additional sums in proportion to their ownership of paid up stock.

Id.—Jurisdiction of District Court of Appeal—Transfer of Appeal.—In an action at law to recover an assessment on the paid up capital stock of a private corporation, in which the amount demanded was less than two thousand and more than three hundred dollars, appellate jurisdiction is conferred by that section of the constitution on the district court of appeal, and an appeal therein wrongly taken to the supreme court will be ordered transferred to the district court of appeal for decision.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

B. J. Bradner, and C. S. Burnell, for Respondent.

SHAW, J.—This is an appeal taken by the defendant to this court from a judgment of the superior court against him for the sum of three hundred and fifty dollars. The action was for the recovery of that sum alleged to be due to plaintiff from the defendant upon an assessment made by the plaintiff upon its paid up capital stock, the plaintiff being a private corporation, with all its stock fully paid up, and the defendant one of its stockholders. The complaint demanded judgment for the sum of three hundred and fifty dollars only.

The constitution gives this court appellate jurisdiction in all cases at law in which the demand exclusive of interest, amounts to two thousand dollars, or more, or which involve "the legality of any tax, impost, assessment, toll, or municipal fine." It also gives appellate jurisdiction to the district court of appeal of all cases on appeal from the superior court where the demand, exclusive of interest, amounts to three hundred dollars and does not amount to two thousand dollars . (Const. art. VI, sec. 4.) The word "assessment" in the clause just quoted refers to assessments relating to public taxation or to raise funds for local public improvements, and it does not include assess-

ments or calls made by a private corporation to collect subscriptions to its capital stock or to compel its stockholders to contribute to its treasury additional sums in proportion to their ownership of paid up stock. Section 5 of article VI confers original jurisdiction on the superior court of all cases. at law involving "the legality of any tax, impost, assessment, toll, or municipal fine." In *Arroyo D. & W. Co.* v. *Superior Court,* 92 Cal. 47, [27 Am. St. Rep. 91, 28 Pac. 54], the suit was to collect an assessment or call by a private corporation for an unpaid subscription to its capital stock, the amount demanded was less than three hundred dollars, and it was held that this clause did not give the superior court original jurisdiction of the action. The same principle is applicable to the language of section four, which by identical words, confers appellate jurisdiction upon this court. The cases cannot be distinguished. The fact that the assessment here was upon. paid up stock does not bring the case within our jurisdiction. Being a mere action at law to recover money, and the demand in the complaint being for less than two thousand dollars and amounting to more than three hundred dollars, the appellate jurisdiction lies with the district court of appeal and not with this court. The appeal was taken to the wrong court and under the further provisions of section four the proper procedure is to transfer the cause to the district court of appeal. The case was formally submitted here upon the briefs on file. The submission will stand, but the case will be transferred for decision.

It is ordered that the cause be transferred to the district court of appeal of the second district for consideration and decision.

Sloss, J., and Angellotti, J., concurred.