[Civ. No. 561.   Second Appellate District.—December 17, 1908.]

BOTTLE MINING AND MILLING COMPANY, a Corporation, Respondent, v. CHARLES KERN, Appellant.

CORPORATIONS—ASSESSMENT ON PAID-UP STOCK—PERSONAL ACTION.—
Under the statutes of this state an assessment may be levied upon the paid-up stock of a corporation to meet its liabilities and current expenses within the limit allowed therefor, and such assessment, when valid and delinquent, and the remedy by sale is subsisting, may be enforced by personal action.

ID.—ABSENCE OF IMPLIED POWER—STATUTE PART OF STOCKHOLDER'S CONTRACT—MODE TO BE STRICTLY PURSUED.—Corporations have no implied power to levy assessments upon paid-up stock.   The power

must depend upon the statute in force when the stock was issued, which becomes part of the stockholder's contract with the corporation, subject to the rule that when power is given by statute, the mode provided must be strictly pursued.

ID.—LIMITATIONS OF POWER—AMOUNT OF LEVY—IDENTICAL PROCEDURE. The sections providing limitations of power in the levy of assessments upon stock indicate that, except in respect to the amount that may be levied, there is no distinction between an assessment upon unpaid stock and one upon fully paid-up stock. The procedure for levying and collecting the assessment and for sale of delinquent stock. is the same, whether it be a "call" for subscription or an assessment on paid-up stock, to pay debts and expenses.

ID.—MINING CORPORATIONS SUBJECT TO SAME RULES.—There is nothing in the Civil Code which takes mining corporations out of the same rules which apply to assessments upon the stock of corporations in general.

ID.—WAIVER OF SALE—TIME OF WAIVER—ELECTION OF REMEDY BY ACTION.—The corporation, though it cannot waive a right which is lost, may waive a sale and elect to proceed by action, if the proceeding to sell is alive and going when the election was made, and the stock was delinquent at the time of the election to sue.

ID.—RESOLUTION VACATING INVALID NOTICE—PUBLICATION AND SERVICE OF NEW NOTICE—CONSTRUCTION OF PLEADING.—When, owing to an invalid first notice of assessment, the directors of the corporation vacated all proceedings subsequent to the assessment, and passed a resolution for a new notice, fixing new dates for delinquency and sale, and the complaint, in an action upon the delinquent assessment, alleged service of such new notice by publishing the same "upon making the resolution aforesaid," it is to be construed as importing that it was published immediately thereupon, without delay or lapse of time, and an allegation therein that notice of such assessment was mailed to each stockholder "forthwith" is to be construed as referring to the time of the passage of such resolution.

ID.—PERIOD OF PRIOR PUBLICATION NOT FIXED—SUFFICIENCY OF PLEADING.—Since the statute does not fix a period for publication of the notice of assessment prior to the date of delinquency and date of sale, the apparent defect in the statute cannot be supplied by the courts, and a complaint averring that the notice of assessment was published at the places and for the duration of. time prescribed by the statute is sufficient to support the plaintiff's right to sell.

ID.—NOTICE TO DEFENDANT—MATTER OF DEFENSE—PRESUMPTIONS—SUPPORT OF JUDGMENT.—When the complaint sufficiently alleges notice of the assessment by publication and mailing notice to each stockholder, including the defendant, in the absence of any showing by answer and proof that no service of the notice was actually made on the defendant, and that he was without any actual knowl-

edge of the proceedings taken by the plaintiff, it cannot be presumed on appeal that he was without such notice for the purpose of reversing the judgment of the trial court.

Id.—Collection of Assessment by Personal Action—Liability of Stockholders to Creditors not Involved.—The right of the corporation to proceed to sell stock in case of delinquency for an unpaid assessment upon stock, being entirely separate and distinct from the personal liability of a stockholder to the creditors of the corporation, the right of its directors to elect that it shall proceed by action instead of sale, pursuant to the statute, does not require that only those stockholders who were such when the debt was created shall be held liable upon the assessment, the question of the propriety of such personal action not being an open one.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

B. J. Bradner, and Charles S. Burnell, for Respondent.

TAGGART, J.—This appeal comes to this court by transfer from the supreme court. The appeal was taken to that court on the theory that the "assessment," the validity of which is attacked, was such as to give that court appellate jurisdiction in the case.   (154 Cal. 96, [97 Pac. 25].)

The action was brought by the plaintiff corporation to recover from the defendant, who is the holder of 50,000 shares of its capital stock, the sum of $350, the unpaid balance of an assessment levied upon such shares of stock. At the time said assessment was levied 462,000 out of its 500,000 shares of stock, of the par value of one dollar each, had been subscribed, and certificates therefor issued to its stockholders as fully paid-up stock. The necessity for the levy of the assessment upon which this action is based is stated in the complaint as follows: Said corporation was in debt to *bona fide* creditors in the sum of $5,000, and that it was necessary for said corporation to expend about $500 more for the maintenance and operation of its mining claims and to procure the performance of the necessary assessment work thereon required by law, and for other necessary expenses essential to the con-

9 Cal. App.—34

ducting of its business and paying of its debts, and that the corporation was without means to pay said indebtedness, present or prospective, and it was necessary to raise the sum of $5,500 in order to pay the same.

Judgment was entered by default for failure to answer, after demurrer overruled, and the question of the validity of the assessment is before us to be determined on the sufficiency of the complaint. The assessment was made on September 28, 1906, and October 30, 1906, and November 15, 1906, were named respectively as the dates when unpaid assessments would be delinquent and the sale of delinquent stock be made. By reason of a failure to properly publish assessment notice, in accordance with law and the resolution passed, another meeting of the directors was held on December 6, 1906, at which a resolution was passed vacating all proceedings subsequent to the levy of the assessment, and fixing new dates when the stock would become delinquent and sold respectively, to wit, delinquent January 15, 1907, and sold February 4, 1907. There was no personal service of notice, and the allegation as to the publication of the notice of the time fixed for delinquency and date of sale is merely that the notice was published once a week for four successive weeks (giving papers), but it is not stated when such publication was made, either by dates or time of commencement of the publication. The only language used which can be construed to refer to time of the commencement of the publication is the allegation: "That upon making the resolution aforesaid the secretary of the corporation caused to be published," etc.

The contention of appellant that an assessment cannot be made upon fully paid-up stock or collected by personal action in this state cannot be sustained. As said in Son on Corporations in California (page 227), the two great distinguishing features of the California law as to calls and assessments are (a) that each of them can be collected by forced sale of the stock, (b) that assessments can be collected by personal action at law. (*Santa Cruz Co.* v. *Spreckels,* 65 Cal. 193, [3 Pac. 661, 802] ; *Spurgeon* v. *Santa Ana Co.,* 120 Cal. 71, [52 Pac. 140] ; *Green* v. *Abientine Medical Co.,* 96 Cal. 328, [31 Pac. 100].) That such was not the case at common law is asserted by the same authority, and that the rule is different in most of the states is also declared by most of the text-writers on the subject. (1 Cook on Corporations,

sec. 241; Clark & Marshall on Private Corporations, secs. 402-404; Purdy's Beach on Private Corporations, sec. 336; 26 Am. & Eng. Ency. of Law, 2d ed., 923.)

As said in the last-cited work, the general rule is well established that corporations have no implied power to levy assessments on stock which has been fully paid up. The stockholder becomes such by virtue of his contract with the company, and is entitled to stand upon his rights under it. When the amount called for in it has been paid, he cannot be required to contribute an additional amount, unless the power to levy such an assessment is expressly conferred by the charter of the corporation or by a statute in force at the time the stock was issued. When there is such a statute, it becomes a part of the stockholder's contract with the corporation as much as if its provisions were set out in such contract, subject only to the rule of construction that where the power is given by statute the mode provided must be strictly pursued.

Assessments are authorized by the Civil Code for the purpose of paying expenses, conducting business or paying debts, and may be levied any time after one-fourth of the capital stock has been subscribed. (Sec. 331.) The last provision is complied with by the issuance of, and full payment for, certificates for more than one-fourth of the stock. (*Bell* v. *Standard Quicksilver Co.,* 146 Cal. 706, [81 Pac. 17].) The sections providing the limitations placed upon the power to levy an assessment (secs. 332, 333) indicate that, except in respect to the amount that may be levied, there is no distinction between an assessment upon unpaid stock and one upon fully paid-up stock. The procedure for levying and collecting an assessment, and for the sale of delinquent stock, is the same whether it be a "call" for subscription, or an "assessment" on paid-up stock to pay debts and expenses which is under consideration. The provisions of sections 331 to 349 are alike applicable. And, although appellant lays some stress upon the fact that plaintiff is a mining corporation, there is nothing in the sections of the Civil Code relating especially to such corporations to take them out of the general rule. (Secs. 586 to 590.) The opinion in the federal case of *In re South Mountain etc. Mining Co.,* 14 Fed. 347, relied upon by appellant, expressly distinguishes the collection of an assessment by personal action where the levy was voluntarily

made by the directors of the corporation, from the case before it (page 350), and it is therefore not necessary to say that the distinction there made between mining and other corporations in respect to collecting assessments and calls is, or is not, approved.

Section 349 provides that on the day specified for declaring the stock delinquent, or at any time subsequent thereto, and before the sale of the delinquent stock, the board of directors may elect to waive further proceedings under this chapter for the collection of delinquent assessments, or any part or portion thereof, and may elect to proceed by action, etc. This waiver must be made at a time when the power to exercise the right waived is in existence, as there can be no waiver of a right that has been lost. Unless there are two existing remedies, both open to the corporation at the time, there can be no election. (*San Bernardino* v. *Merrill,* 108 Cal. 494, [41 Pac. 487].) In order to sustain the personal action here it must appear from the complaint that the plaintiff could have, on January 16, 1907, proceeded to make a valid sale of the stock because of an assessment on it which had been properly levied and was then delinquent for nonpayment. (*Shively* v. *Eureka,* 129 Cal. 296, [61 Pac. 939].)

If there was a proper service of the notice of assessment which was made a part of the complaint, the pleading is good against the objections made by appellant. For, if the notice was given, the stock became delinquent on January 15, 1907, the sale was noticed for February 4, 1907, and a waiver on January 16, 1907, still left time to comply with the requirement of sections 337-339 as to publication of notice of sale of the stock. The proceeding to sell was alive and going when the election was made.

If the sufficiency of the service of the notice mentioned was presented to the trial court, two theories suggest themselves to us upon which the court might have held that there was a proper showing that the notice was published as required by section 336. The resolution which was passed and in pursuance of which the notice was given (presumably under the provisions of section 346), vacated and abrogated all steps theretofore taken, except the levying of the assessment, and left only the last notice to satisfy the requirement that a notice of assessment must be personally served upon each stockholder or served by mailing, and by publication for four

successive weeks. The mailing of this notice is alleged to have been done forthwith, which must be construed to refer to the time of the passage of the resolution.

Since the statute provides no particular time prior to either the date of delinquency or the date of sale when the notice of assessment must be published, the allegation of the complaint that it was published at the places and for the duration of time required by the statute is sufficient. The ordinary requirement that the notice be given so many days before a date or time mentioned is lacking, but the apparent defect in the statute cannot be supplied by the courts. That notice was given as provided by the statute is all that is necessary to support the plaintiff's right to sell. The allegations of the complaint show this was done, and in the absence of any showing, such as might have been made by answer, that no service of notice was actually made on the defendant and that he was without actual knowledge of the proceedings taken by plaintiff, we cannot indulge in any presumption to this effect, for the purpose of reversing the judgment of a trial court. The complaint is not altogether lacking in statement of fact from which the inference might be drawn that the notice was published as promptly as it was mailed. Construing the words, "upon making the resolution as aforesaid," as including the element of time, and they may be held to have been used in the sense of forthwith or "thereupon"; the latter of which words, like the former, when used in reference to time, is generally construed to mean without delay or lapse of time. (8 Words and Phrases, p. 6954.)

If the decisions, statutes and provisions of the constitution relating to the personal liability of a stockholder to the creditors of the corporation, and the principles upon which they are based, could be considered here, and the matter were an open question, we should have grave doubts of the right of the directors to collect by personal action any assessment levied to pay a debt of the corporation which was not alleged to have been created during the time the person sued was a holder of stock in such corporation. But the right of the corporation to proceed and sell stock in cases of delinquency has so often been held to be an entirely separate and distinct right from the personal liability of a stockholder to the creditors of the corporation because of his ownership of stock in the company, that we do not regard the question open for

consideration here.    (*People's Home Savings Bank* v. *Stadt-muller*, 150 Cal. 110, [88 Pac. 280].)

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.