[Sac. No. 4228. In Bank.—April 18, 1929.]

WILL C. WOOD, as Superintendent of Banks, etc., Appellant, v. H. HAMAGUCHI et al., Defendants; CHARLES A. OTTMANN et al., Respondents.

Albert A. Rosenshine and Elbert W. Davis for Appellant.

Theodore M. Stuart and F. M. Ostrander for Respondents.

LANGDON, J.—This is an appeal from a judgment in favor of defendants in an action brought by appellant as Superintendent of Banks of the State of California to recover the amount of an assessment levied upon the stockholders of the First Bank of Livingston, a banking corporation in liquidation. The assessment was levied and the action thereon was brought under and by virtue of chapter 496 of the Statutes of 1917, page 581, as amended by chapter 420 of the Statutes of 1925, page 905, the material portions of which read as follows:

"Section 1. Whenever the superintendent of banks shall hereafter take possession of the business and property of any bank doing business in this state for the purpose of liquidating its affairs as provided by law, he may at any time during the process of such liquidation determine whether it shall be necessary to assess the members or

stockholders of such bank in order to promptly pay the claims of the creditors of such bank in full, and he shall make such assessments as he may determine to be necessary for that purpose.

"Section 2. Any such assessment shall be levied by order of the superintendent of banks, under his official seal, which order shall be executed in duplicate, one to be filed in the office of the superintendent of banks and one with the papers in the liquidation proceedings in the county in which said bank shall have been located.

"Said order shall specify the amount of the assessment, and shall fix a date on which the said assessment shall be due and payable, which said date shall not be less than thirty nor more than sixty days from the time of making the order levying the assessment. The said assessment shall be payable to the superintendent of banks at his office, or at such other place as may be specified in the order levying the assessment.

"Notice of such assessment shall be given by causing a copy of said order to be published once a week for four successive weeks in one or more newspapers of general circulation devoted to the publication of general news, published at the place where the principal place of business of the bank was located, or if there be no newspaper at such place, then the publication shall be made in some other newspaper of the county, if there be one, otherwise in a newspaper published in an adjoining county. Notice of such assessment shall also be given by causing a copy of said order to be personally served upon each stockholder, or, in lieu of personal service, sent through the mail, postage prepaid, addressed to such stockholder at his place of residence or business, if known, and if not known, at the place where the principal office of the bank was situated. Said copies of said order shall be so personally served or placed in the mail within fifteen days after the making of the order levying the assessment.

"Section 3. If any stockholder of said bank shall fail to pay the said assessment in full upon the date specified in the said order as the date on which said assessment shall be due and payable, a right of action shall immediately accrue to the superintendent of banks to recover the amount of said assessment or the amount remaining unpaid thereon

from the stockholder or stockholders failing to pay the same in full. . . .

"Section 5. All sums collected from any such assessment, less the reasonable expenses of collection, shall be used by the superintendent of banks in the liquidation of claims against the bank in the same manner as assets of the bank are so used. If such assessment first made, shall prove inadequate to pay all of the creditors of the bank in full, the superintendent of banks may levy further assessment or assessments and proceed to collect same in like manner."

The complaint alleges the matters and things necessary to show compliance with the provisions of the statute above set forth, including the due levying of an assessment of one hundred dollars a share upon the capital stock and the refusal of the defendants to pay. Defendants demurred to the complaint, contending that the statute under which the assessment was levied violated the constitutions of the state of California and of the United States. The demurrers were sustained and upon failure of the plaintiffs to amend, a judgment was entered dismissing the action as to each of the defendants.

The appeal is on the judgment-roll alone and the only question raised is as to the constitutionality of the assessment statute. It is the position of the trial court and of respondents here that the statute we are considering violates section 3 of article XII of the state constitution, as that section prescribes an exclusive liability of stockholders for corporate debts. The said constitutional provision reads as follows: "Each stockholder of a corporation or joint stock association, shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation."

It is the contention of appellant that the foregoing constitutional provision merely provides the minimum liability of a stockholder and that the legislature may prescribe an additional liability. This position, appellant contends, is aided by sections 2 and 24 of article XII of the constitution of California. Section 2 provides: "Dues from corporations shall be secured by such individual liability of

the corporators and other means as may be prescribed by law.'' Section 24 provides that the legislature shall pass all laws necessary for the enforcement of the provisions of the article.

It is to be observed that the statute under attack here comes into operation only when the superintendent of banks has taken possession of the business and property of a bank for the purpose of liquidation, while the constitutional provision (sec. 3, art. XII) draws no distinction between the individual liability of a stockholder in a solvent corporation and one in an insolvent corporation. Furthermore, the constitutional provision covers liability for debts and liabilities of the corporation, while the so-called Bank Act provides for an individual liability to meet all the charges of collection as well as the payment of the debts of the corporation. Furthermore, the constitutional provision restricts the liability of a stockholder to such proportion only of its debts, contracted while he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the capital stock; while the so-called Bank Act permits recovery of assessments against a stockholder who had purchased his stock after all the debts of the corporation had been contracted. It also puts no limit upon the amount that one stockholder shall be compelled to pay except the limit of sufficient money to pay all expenses of liquidation and all debts. The superintendent of banks is given power to levy one assessment after another in the event that the first assessment does not result in the collection of the money required and as a consequence, there is an extreme possibility under the act, pointed out by respondents, that a single solvent stockholder, with one share of stock, which had been purchased after all the debts and liabilities of the bank had been contracted, may be compelled to pay the entire debts of the bank and the expenses of liquidation.

For many reasons, therefore, the statute we are considering is in violation of section 3 of article XII of our constitution; and, indeed, it is admitted to be so by appellant, who contends that it is permissible under sections 2 and 24 of said article XII and under the general police power reserved to the people.

In the case of *French* v. *Teschemaker,* 24 Cal. 518, provisions almost identical with those of sections 2 and 3 of article XII were considered by the court. Said section 2 appeared in our constitution of 1849 as section 32 of article IV and in identically the same language. Section 3 of article XII appeared in our constitution of 1849 as section 36 of article IV, but it did not contain the limitation that the liability existed only as to debts contracted or incurred while the person was a stockholder, nor did it declare the percentage of the stockholders' liability. Said section 36 of article IV of the constitution of 1849 read as follows: "Each stockholder of a corporation or joint stock association shall be individually and personally liable for his proportion of all its debts and liabilities." In the case of *French* v. *Teschemaker, supra,* the court remarked that there was an apparent repugnancy between the two provisions, but declared that if section 36 was read as imposing "a liability separate and distinct from that imposed by the thirty-second section, it is clear that the latter has no office to perform and is in effect stricken from the constitution." It was also held that section 36 was not self-executing and required legislative action. The legislature, at the time of the decision of the French case, had enacted two measures, one in 1850 and one in 1853, one providing that "each stockholder of any corporation shall be individually and personally liable for a portion of all its debts and liabilities proportioned to the amount of stock owned by him" and the other providing that "each stockholder shall be individually and personally liable for his proportion of all of the debts and liabilities of the corporation contracted or incurred during the time that he was a stockholder." (Stats. 1853, p. 90, sec. 16.) Considering this situation, the opinion in the French case states:

"It is true that the legislature, in supplying what was needed and omitted from the Act of 1850, left out the provision of that Act which defines the word 'proportion'; yet, although neither by itself affords a perfect rule, the two combined contain what is omitted in the thirty-sixth section of the Constitution and is needed to give it a practical operation.

"If we read the thirty-sixth section in the manner suggested, it is made to harmonize with the thirty-second, and

each is made to serve a useful purpose, and neither is allowed to sacrifice the other.

"Such seems to us to be the reasonable and proper construction to be given to the thirty-sixth and thirty-second sections of the Constitution. By such reading harmony is preserved and some force and effect is given to each. Any other reading must manifestly sacrifice one section to the ambition of the other, and practically strike it from the Constitution.

"Under this construction, the Legislature has the power to say, not that the stockholder shall not be liable for any of the debts of the corporation, but that he shall be liable for his portion, and to say what that portion shall be. Thus the Constitution is made to say to the legislative department of the government, the stockholder shall be individually and personally liable for his proportion of the debts and liabilities of the corporation, but to your wisdom and sound discretion is intrusted the power to adjust the mode and measure of the liability. It is the duty of the legislature to carry out this provision according to its spirit, and to fix the liability of the stockholder at a figure adequate to guard effectually against the evils for which the Constitution seeks, through the operation of the legislature, to provide a remedy.

"But the exercise of this power is subject to the rule that 'all laws of a general nature shall have a uniform operation' as provided in section eleven of article I of the Constitution, and the same rule of liability must be imposed upon all stockholders of corporations and joint stock associations. The Constitution knows no distinction between persons, and the legislature cannot discriminate or grant an indulgence to one which is not accorded to another. Every general law must have a uniform operation; that is to say, it must operate equally on all persons and upon all things upon which it acts at all.

"Where, under the Constitution, a law must impose some indeterminate liability upon a class of persons, as, for example stockholders of a corporation, it must impose the liability, at whatever rate it may be fixed, upon all alike, and cannot exempt one any more that it can exempt all; nor can it attach a lower rate of liability to the stockholders of one corporation than it does to the stockholders of another."

The statutory limitation upon the stockholders' individual liability when the French case was decided has now been incorporated into the constitution itself, namely, that the stockholders' liability extends only to those debts contracted or incurred during the time he was a stockholder, and he cannot be held liable for any greater amount than the proportion which his stock ownership bears to the total amount of the subscribed capital stock, under section 3 of article XII.

· It has been decided (*Western Pacific Ry. Co.* v. *Godfrey*, 166 Cal. 346 [Ann. Cas. 1915B, 825, 136 Pac. 284]) that section 3 of article XII of our constitution is self-executing and any attempt by the legislature to limit its effect is unconstitutional and void.

It appears from some of the decisions cited by appellant that a number of the states declare affirmatively in their constitutions that stockholders in banking corporations carry a liability different from and greater than the stockholders in other corporations. The California constitution draws no such distinction, but treats the stockholders of all corporations alike in this respect. In the case of *McGowan* v. *McDonald*, 111 Cal. 67 [52 Am. St. Rep. 149, 43 Pac. 418], the court said: "But the provisions of the Constitution of 1849 applied to the stockholders of all corporations without regard to the character of the business to be transacted and the same is true of the Constitution of 1879." Therefore, the decisions from other jurisdictions, based upon constitutional provisions different from our own, are not helpful here.

The complaint in this case discloses that the plaintiff is not seeking to collect from the defendants any unpaid installments upon the purchase price of their stock and it makes no attempt to plead a cause of action under section 3 of article XII or under section 322 of our Civil Code, which embodies in statutory form the provisions of said section 3.

It is contended by appellant that the legislature has created, by section 349 of the Civil Code, a personal liability against stockholders of different corporations which is in excess of and in addition to the liability created by section 3 of article XII and that these various liabilities have been enforced by the courts and that they must be justified

either under the general police power of the state or under the directions of sections 2 and 24 of article XII of the constitution. The cases cited relate, first, to liability for unpaid subscriptions, which is a liability dependent upon contract and enforceable without a specific code section; second, to assessments upon paid-up stock, enforceable by sale of the stock. The cases in these two groups do not deal with the personal liability of a stockholder and hence are not in conflict with section 3 of article XII. But one case is cited which deals directly with the personal liability of a stockholder attempted to be created by section 349 of our Civil Code, and that is the case of *Bottle Mining & Milling Co.* v. *Kern,* 9 Cal. App. 527 [99 Pac. 994]. That case contains the following language: "If the decisions, statutes and provisions of the constitution relating to the personal liability of a stockholder to the creditors of the corporation, and the principles upon which they are based, could be considered here, and the matter were an open question, we should have grave doubts of the right of the directors to collect by personal action any assessment levied to pay a debt of the corporation which was not alleged to have been created during the time the person sued was a holder of stock in such corporation. But the right of the corporation to proceed and sell stock in cases of delinquency has so often been held to be an entirely separate and distinct right from the personal liability of a stockholder to the creditors of the corporation because of his ownership of stock in the company, that we do not regard the question open for consideration here. (*People's Home Savings Bank* v. *Stadtmuller,* 150 Cal. 110 [88 Pac. 280].)" The case cited deals with an unpaid stock subscription and no authority is cited which supports the statement that the question of the personal liability of a stockholder for an assessment levied to pay a debt of the corporation which is not alleged to have been created during the time the person sued was a holder of the stock in such corporation, is no longer an open question. If the foregoing language from *Bottle Mining & Milling Co.* v. *Kern, supra,* be considered a determination of the validity of such personal liability of the stockholder under the provisions of section 349 of the Civil Code, or under any other legislative enactment, we decline to follow it, but prefer the reasoning in the case of *In re South Moun-*

*tain etc. Min. Co., Bankrupt,* 5 Fed. 403, wherein the court, in speaking of section 349 of our Civil Code, said:

"The statute does not, in terms, declare or create the liability. It merely authorizes the directors 'to elect to proceed by action to recover the amount of the assessments.' Its language would be satisfied by restricting its operation to those cases where such an action can be maintained; that is, to those cases where stock has been subscribed for, and an obligation assumed to take and pay for it." The opinion continues: "Section 349 confers, as we have seen, the right to proceed by action to recover any delinquent assessment; and if this power be not restricted, as I have suggested, to cases wherein the stockholder has, by express or implied contract, agreed to pay, it will extend to all cases of assessments levied to meet expenses or conduct business, as well as to pay debts, and may be exercised against a stockholder who has paid his subscription in full, or who has already been assessed up to the par value of his stock. The result, startling and absurd as it is, seems to be the necessary consequence of the construction of section 349 contended for.

"It will not be disputed that the ordinary rule which requires such a construction to be given to the provisions of a statute as will make them consistent and harmonious should be applied to the provisions of our code with regard to corporations.

"By section 322, as amended March 15, 1876, the individual liability of a stockholder of a corporation is limited to such proportion of its debts and liabilities as the amount of stock or shares owned by him bears to the whole stock of the corporation; and, on payment of his proportion of any debts due from the corporation, incurred while he was a stockholder, he is relieved from any further personal liability for such debt.

"I am unable to reconcile these provisions with a construction of section 349 which would give it the effect and operation contended for. . . .

"The section just referred to limits his personal liability for the corporate debts incurred while he is a stockholder to such proportion of those debts as the number of shares owned by him bears to the whole number of shares of the capital stock. But, if he is personally liable on the assessment to be levied, he may be obligated, ·if he is the only

solvent stockholder, to pay the whole amount of the indebtedness of the corporation, provided it does not exceed the fanciful and exaggerated par value mentioned in the articles. . . .

"Will it be contended that a stockholder who has paid his full proportion of the debts incurred while he was a stockholder would remain personally liable to pay any assessment that may be levied, and that such a payment, which the statute declares shall relieve him from any further personal liability for such debts and shall be a good defense in an action brought by a creditor, shall be unavailable in an action brought by an assignee in bankruptcy in behalf of creditors to collect an assessment levied for the payment of debts?"

And, finally, the decision of the court is: "That section 349 does not create, and was not intended to create any personal liability for assessments, unless from the terms of the stockholders' subscription such liability was incurred. That the remedy of the creditor against the stockholder personally is limited and defined by section 322 of the code, and his liability cannot be extended beyond the limits therein prescribed."

It appears, therefore, that the liability asserted against the defendants here is in violation of section 3 of article XII and that section 2 of the same article of the constitution does not authorize, expressly or by implication, a legislative violation of the following section; that sections 322 to 349, inclusive, of the Civil Code are not to be construed as creating a personal liability of a stockholder for corporate debts which would be in excess of or in violation of the provisions of section 3 of article XII of the constitution.

■ It but remains to consider the remaining contention of appellant that authority is found for the liability imposed by the so-called Bank Act, in the general police powers of the state. This contention requires little discussion. The case of *Frost* v. *City of Los Angeles*, 181 Cal. 22 [6 A. L. R. 468, 183 Pac. 342], cited by appellant in support of his contention contains language to the effect that while the legislature possesses the entire police power of the state, such power is limited by the provisions of the constitution of California and the constitution of the United States. Volume 12 of Corpus Juris, page 929, states this limitation

as follows: "However broad the scope of the police power it is always subject to the rule that the legislature may not exercise any power that is expressly or impliedly forbidden to it by the state constitution." The following cases are to the same effect: *Ex parte Whitwell,* 98 Cal. 73 [35 Am. St. Rep. 152, 19 L. R. A. 727, 32 Pac. 870]; *In re Smith,* 143 Cal. 368 [77 Pac. 180]; *San Diego etc. Assn.* v. *City of East San Diego,* 186 Cal. 254 [17 A. L. R. 513, 200 Pac. 393]. And in *People* v. *Holder,* 53 Cal. App. 45 [199 Pac. 832], the court said: "It is well settled that the police power cannot be made a cloak under which to overthrow or destroy constitutional rights."

Having come to a conclusion in harmony with the trial court, that our state constitution limits the liability of a stockholder for corporate debts in accordance with the provisions of section 3 of article XII, we cannot hold that the police power is unrestrained by such constitutional provision.

The judgment appealed from is affirmed.

Shenk, J., Curtis, J., Preston, J., Richards, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.