### HOFFMAN v. W. H. WORDEN CO. et al.
### No. 20976.

District Court, N. D. California, S. D.
Aug. 12, 1932.

Additional Opinion Jan. 17, 1933.

H. W. Hutton, of San Francisco, Cal., for libelant.

Joseph E. Bien and Werner Olds, both of San Francisco, Cal., for respondents.

ST. SURE, District Judge.

Libel in personam against W. H. Worden Company and a number of its stockholders for labor and materials furnished in salving, repairing, and towing a certain sea barge between January 1 and April 1, 1931.

Defendants except to the libel on several grounds, two only of which may be noticed: (1) That the cause of action is not within the admiralty and maritime jurisdiction of this court because there is no allegation that the barge was on navigable waters of the United States when the work was performed and the material furnished; (2) that the

defendant stockholders are not liable because section 3 of article 12 of the California Constitution, creating stockholders' liability, was repealed at the general election on November 4, 1930.

■ 1. In North Pacific S. S. Co. v. Hall, 249 U. S. 119, 128, 129, 39 S. Ct. 221, 224, 63 L. Ed. 510, the Supreme Court said: "There is no difference in character as to repairs made upon the hull of a vessel dependent upon whether they are made while she is afloat, while in dry dock, or while hauled up by ways upon land. The nature of the service is identical in the several cases, and the admiralty jurisdiction extends to all. This is recognized by the Act of Congress of June 23, 1910 (chapter 373, 36 Stat. 604 [46 USCA § 971 note]), which declares that 'any person furnishing repairs, supplies, or other necessaries, including the use of dry dock or marine railway, to a vessel, whether foreign or domestic,' upon the order of a proper person, shall have a maritime lien upon the vessel."

The allegation suggested by defendants is therefore unnecessary.

■ 2. Before repeal, section 3 of article 12 of the California Constitution provided that a stockholder shall be individually and personally liable for such proportion of the debts and liabilities of the corporation contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bore to the whole of the subscribed capital stock. Based upon this constitutional provision, the state Legislature adopted section 322 of the Civil Code of California, making the same provision as to liability of stockholders. In April, 1931, the state Legislature repealed section 322, and passed the following purported saving clause: "The repeal of said sections shall not in any way impair or affect any remedy or any cause of action for any liability incurred or accrued under said sections prior to the time this act takes effect." (In effect 91 days from and after May 15, 1931. Stats. 1931, chap. 257, p. 444.)

The liability in the case at bar was incurred between January 1 and April 1, 1931. The question before the court is whether the stockholders' liability ceased with the repeal (November 4, 1930) of the constitutional amendment which created it, or whether the purported legislative saving clause continued such liability to its effective date (August 14, 1931).

In Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 436, 76 L. Ed. ——, decided April 11, 1932, the United States Supreme Court had under consideration the effect of the repeal of section 3, art. 12, of the Constitution of California. The case involved the question of the liability of directors of a corporation where money had been misappropriated or embezzled by the officers of the corporation. In passing upon the effect of the repeal, the Supreme Court held that "the repeal put an end to the rule for the future." When the people by popular vote repealed section 3, article 12, of the California Constitution, section 322 of the Civil Code was rendered nugatory. The sole support of the rule was in the Constitution, and, that support having been removed, any attempt by the Legislature to revive it by a purported saving clause is ineffective.

I am therefore of the opinion that libelant cannot recover from the defendant stockholders individually for labor and materials furnished after the repeal of the constitutional amendment which created their liability. This ruling, however, does not affect the sufficiency of the libel as against the corporate defendant.

### Additional Opinion.

Libelant has since filed an amended libel, adding a new paragraph, alleging: "VI: That former section 3 of article 12 of the Constitution of the State of California once provided for a similar stockholders' liability, but the said Constitution is a limitation on the powers of the legislature of said state and not a delegation of power, and the said section 322 of the said Civil Code and the matters therein provided could and did exist independent of any constitutional provision of said State of California at the times herein mentioned."

Exception was filed, it being contended that paragraph VI of the amended libel states a conclusion of law at variance with the opinion heretofore handed down by this court. It is asked that the exception be sustained without leave to amend.

■ At common law no individual liability was imposed upon the members or stockholders of a corporation. The history of stockholders' proportional liability in California shows such liability to be of constitutional origin. Constitution of California of 1849, article 4, §§ 32 and 36. The Constitution of 1879, article 12, § 3, provided: "Each stockholder of a corporation, * * * shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a

stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation." This provision was self-executing. It was perfectly plain and unambiguous, leaving no room for ascertainment by the legislature as to its meaning. "This self-executing provision speaks for itself clearly and unequivocally, and any attempt by the Legislature to limit its effect would be beyond its constitutional power, and therefore void." Western Pacific Ry. Co. v. Godfrey, 166 Cal. 346, 350, 136 P. 284, 286, Ann. Cas. 1915B, 825. See, also, Wood v. Hamaguchi, 207 Cal. 79, 277 P. 113, 63 A. L. R. 861. Said constitutional provision was repealed by popular vote. Libelant contends that the stockholders' liability was continued by force of section 322 of the Civil Code, which is in language almost identical with the repealed provision. The constitutional provision was a law made directly by the people instead of by the Legislature, and such laws are to be construed and enforced in all respects as though they were statutes. Winchester v. Mabury, 122 Cal. 522, 55 P. 393. "In effect, these constitutional provisions are but statutes, which the legislature cannot repeal or amend." Winchester v. Howard, 136 Cal. 432, 439, 64 P. 692, 69 P. 77, 79, 89 Am. St. Rep. 153. I am of the opinion that section 322 of the Civil Code was repealed eo instante by necessary implication when article 12, § 3 of the California Constitution was repealed by vote of the people.

The exception to the amended libel will be sustained without leave to amend as to defendants Worden and Gunther.