## In re MOTOR TRANSIT TERMINAL CORPORATION.
### No. 20043.

District Court, S. D. California, Central Division.

June 16, 1933.

Young & Young, of Los Angeles, Cal., for petitioning creditors.

Harry J. McClean, of Los Angeles, Cal., for alleged bankrupt.

JAMES, District Judge.

The petitioning creditor, E. L. Cord, asserts a claim of sufficient amount as against the alleged bankrupt. That claim is stated in the involuntary petition of the creditor as being one on account of stockholders' liability. Cord on the 14th day of May, 1931, as lessor, entered into a written lease with Auburn-Fuller Company for the leasing of premises in the city of Los Angeles, to include a four-story building to be thereon erected by the lessor. It is alleged that at the time the lease was made all of the corporate stock of the Auburn-Fuller Company was owned by the alleged bankrupt herein. The alleged bankrupt presented a motion to dismiss the petition on the ground that no provable claim was shown to be possessed by the petitioning creditor. The principal grounds of the motion are: (1) That the lease contract is void for uncertainty; (2) that the provision in the Constitution of California creating liability as against stockholders of corporations for corporate debts was repealed prior to the making of the lease contract.

I am satisfied that under the facts shown, the lease constituted a good and valid contract. I am further satisfied, referring to the contention made by the petitioning creditor, that no original or primary debt was created as against the alleged bankrupt.

The determining question, therefore, is as to whether the repeal of the constitutional provision imposing stockholders' liability effectively wiped out any right of this creditor to make his claim as against the Motor Transit Corporation. The repeal of the constitutional provision was effective November 4, 1930. Section 322 of the Civil Code of California contained at the time provisions identical with those in article 12, § 3, of the Constitution, which was repealed. The Legislature of California repealed section 322 of the Civil Code on August 14, 1931 (St. 1931, p. 1763). It has already been noted that the lease contract concerned herein was dated May 14, 1931. The Supreme Court of California had held, necessarily, of course, that the provisions of the Constitution respecting liability of stockholders as at the prior time contained in the Constitution, could not be in any wise limited by legislative act. Western Pacific Ry. Co. v. Godfrey, 166 Cal. 346, 136 P. 284, Ann. Cas. 1915B, 825; Wood v. Hamaguchi, 207 Cal. 79, 277 P. 113, 63 A. L. R. 861. The Code section, however, added nothing to the requirements of the constitutional provision as the same existed prior to its repeal. The Legislature, when it proposed the repealing amendment, had no purpose to restrict the Legislature in any wise respecting its right to legislate respecting corporations

and the liabilities of officers or stockholders. In fact, the declared purpose was to remove limitations on that power. The Senate resolution embodying the proposed amendment, as found in the Statutes of California 1929, at page 2238, in its material part, read as follows:

"Section 1 of article twelve of the constitution of the State of California is hereby amended to read as follows:

"Section 1. The Legislature shall have power, by general laws and not otherwise, to provide for the formation, organization and regulation of corporations and to prescribe their powers, rights, duties and liabilities and the powers, rights, duties and liabilities of their officers and stockholders or members. All laws now in force in this state concerning corporations and all laws that may be hereafter passed pursuant to this section may be altered from time to time or repealed.

"For the purpose of removing existing limitations upon the power granted by section 1 of article twelve of the constitution amended as herein proposed, sections 2, 3, 9, 11, 12 and 14 of article twelve of the constitution are hereby repealed. * + * "

I have read all of the cases which have been cited, and some further cases discovered by my own investigation of the subject. The argument that the repeal of the constitutional provision operated to repeal the Code section, to my mind, cannot be supported by the logic of any law. There is nothing inconsistent with the constitutional provision while it existed in any of the provisions of section 322 of the Civil Code. The right of the Legislature to create the same liability by act to-day can hardly be questioned. There is no limiting provision of the Constitution which deprives the Legislature of that power. Rather, as before noted, the amendment countenances an express reservation to the Legislature to legislate on the subject. The case recently decided by the California District Court of Appeal, Third District, W. Fine & Son et al. v. Hall et al., 21 P.(2d) 697, which holds that the Code section remained undisturbed in its effect until the Legislature repealed it, to my mind correctly states the law. The opinion is well considered, and calls attention to all of the applicable terms of the Constitution. My conclusion is that the petitioner, Cord, has stated a sufficient claim as for stockholders' liability against the alleged bankrupt.

The motion to dismiss the petition is therefore denied, and an exception noted.