[L. A. No. 14639.   In Bank.—January 23, 1937.]

LOUIS C. DRAPEAU, Building and Loan Commissioner, etc., Appellant, v. FULLERTON SECURITIES CORPORATION, LTD. (a Corporation), Respondent.

Clock, McWhinney & Clock, James C. Ingebretson, Roland Tognazzini and Roscoe C. Andrews for Appellant.

Elliott & Aberle, H. W. Elliott and Robert E. Moore, Jr., for Respondent.

SHENK, J.—The plaintiff, as Building and Loan Commissioner, brought the action to recover an assessment levied by him as such commissioner from the defendant as a stockholder of the Pan-American Building-Loan Association then in course of liquidation, pursuant to the provisions of the Building and Loan Association Act of 1931. A general demurrer to the complaint was sustained. The only question involved on this appeal from the judgment for the defendant is the propriety of the order on the demurrer.

The assessment was levied on December 5, 1932, and the complaint was filed on April 10, 1933. The defendant acquired its stock in the association on June 24, 1929. On the date last mentioned section 3 of article XII of the Constitution declared the proportionate liability of corporation stockholders. Section 322 of the Civil Code was then to the same effect. In November, 1930, section 3 of article XII was repealed. At the same time section 1 of the same article was amended so as to commit the matter of stockholders' liability to the legislature. In 1931 section 322 of the Civil Code was repealed, effective August 14, 1931. Also in 1931 the present law regulating building and loan associations was adopted. Section 7.01 of that act imposes on stockholders of such an association the liability which the plaintiff seeks to enforce, namely, $100 per share, and sections 7.02 and 7.03 authorize the Building and Loan Commissioner to enforce that liability by assessment and suit.

It was the contention of the defendant in the trial court and is now that under the authority of *Wood* v. *Hamaguchi*, 207 Cal. 79 [277 Pac. 113, 63 A. L. R. 861], its rights as against creditors of the association became fixed under the Constitution and statutes in force on June 24, 1929, when it became a stockholder and that such rights may not be impaired by subsequent legislation. It also claims to be free from liability by reason of section 14.04 of the Building and Loan Association Act of 1931 as follows: "Nothing in this act is intended or shall be construed to impair in any

manner the rights of those who have heretofore become investors in any association.''

We had occasion to consider somewhat at length contentions similar to those here presented, but arising under the bank act, in *Rainey* v. *Michel*, 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148]. It was there held that the ruling in *Wood* v. *Hamaguchi, supra,* was not applicable to liability incurred subsequent to the repeal of section 3 of article XII of the Constitution in November, 1930. In *Kaysser* v. *McNaughton,* 6 Cal. (2d) 248 [57 Pac. (2d) 927], it was also held that section 322 of the Civil Code was in effect until August 14, 1931.

█ Legislation regulating building and loan associations which is similar to the provisions of the bank act is constitutional. (*North American Building & Loan Assn.* v. *Richardson,* 6 Cal. (2d) 90 [56 Pac. (2d) 1221].)

█ It must be deemed as now settled under the recent decision of this court that from and after August 14, 1931, it was competent for the legislature, following the repeal of section 3 of article XII and the amendment of section 1 of the same article of the Constitution, to provide for the liability herein sought to be enforced. This was done by the enactment of the Building and Loan Association Act, effective August 14, 1931. █ It would follow that the plaintiff commissioner could under that act levy an assessment to satisfy obligations of the Pan-American Building-Loan Association incurred subsequent to August 14, 1931, and to enforce the same against those who were stockholders at the time those obligations were incurred. When the powers of the commissioner are so limited the protection afforded the stockholder by the rule of *Wood* v. *Hamaguchi, supra,* and by the provisions of section 14.04 of the Building and Loan Association Act is given effect. That protection does not extend to immunity from change in the law within constitutional bounds subsequent to the time the stockholder acquired his stock. (*Rainey* v. *Michel, supra.*)

It follows that the complaint states a cause of action as to the assessment in so far as it is required to satisfy obligations of the association incurred after August 14, 1931, and at a time when the defendant was a stockholder.

Judgment reversed.

Thompson, J., Curtis, J., Langdon, J., Edmonds, J., Seawell, J., and Waste, C. J., concurred.