[L. A. No. 16580.   In Bank.—June 10, 1938.]

THE VENTURA COMPANY, INC., Petitioner, v. JUSTUS F. CRAEMER, as Building and Loan Commissioner, etc., Respondent.

John C. Campbell and Franz R. Sachse for Petitioner.

Clock, McWhinney & Clock and James C. Ingebretsen for Respondent.

SHENK, J.—This proceeding in *mandamus* was brought to compel respondent State Building and Loan Commissioner to pay liquidating dividends allegedly due to the petitioner, as well as claims of all other creditors similarly situated.

On July 30, 1931, the commissioner took possession of the business, property, and assets of the United Building and Loan Association for the purpose of liquidating its affairs. At that time Emma H. Ingram was the owner of investment certificates issued by the association and was also the owner of

twenty-one shares of its guarantee stock. On March 25, 1932, she filed a creditor's claim with the commissioner for $6,873.75, the amount of her investment certificates and interest. On August 19, 1932, this claim was approved contingently. It was listed with other claims aggregating $73,473.01, filed by those who were both investors in and stockholders of the association, in a schedule headed: "III–D–Approved Contingent on Stockholder's Liability", and accompanied by the following explanatory note: "All claims comprising Schedule III–D . . . are approved contingent on the excess, if any, over and above claimant's liability as a holder of guarantee capital stock of the United Building and Loan Association for the respective *pro rata* of any deficiency of assets of said association as provided by the statutes in such cases made and provided."

On March 28, 1935, by partial mesne assignments, the petitioner Ventura Company acquired a $2,100 interest in the claim filed by Emma H. Ingram. Thereafter, in the course of liquidation of the association, the commissioner received sufficient funds to pay a fifty per cent dividend to claimants. He paid this dividend in full to holders of approved claims, but retained a portion of the sums due holders of contingently approved claims. He withheld any payment to the latter class which would have the effect of reducing the value of a contingently approved claim below the par value of the guarantee capital stock standing in the name of the claimant during the period in which obligations which have not been paid were incurred by the association. The petitioner, itself never a stockholder, is relegated to that class by the commissioner by virtue of its ownership of a partial interest in the claim of Emma H. Ingram. It challenges the right of the commissioner to withhold dividends as an offset against the liability, if any there be, to which claimant-stockholders may be subjected, if and when such liability shall be established; and it seeks by this proceeding to compel the commissioner to pay the dividend to which it claims to be entitled, as well as the dividends due other claimants similarly situated.

It is our conclusion that the retention of these dividends by the commissioner is unwarranted. There are three possible alternatives which may be claimed to support the commissioner's contention that the stockholder's liability at-

taches so as to justify his withholding the dividends as an offset.

First, there is the old stockholder's liability which was declared by section 3, article XII of the Constitution (repealed November 4, 1930), and section 322 of the Civil Code (repealed August 14, 1931; *Kaysser* v. *McNaughton*, 6 Cal. (2d) 248 [57 Pac. (2d) 927]). This was a direct liability of the stockholder to the creditor, which the commissioner was never authorized to enforce. (*Williams* v. *Carver*, 171 Cal. 658 [154 Pac. 472].)

■ Secondly, there is the liability imposed by the present law regulating building and loan associations (Stats. 1931, p. 483), which became effective on August 14, 1931, replacing the earlier act (Stats. 1911, p. 607, as amended, Stats. Extra Session 1911, p. 7), and section 643d of the Civil Code. The provisions of the 1931 act are not applicable to liability for obligations incurred prior to the date the act came into effect. (*Drapeau* v. *Fullerton*, 8 Cal. (2d) 189 [64 Pac. (2d) 944]; *Rainey* v. *Michel*, 6 Cal. (2d) 259 [57 Pac. (2d) 932, 105 A. L. R. 148].) Here admittedly all unpaid obligations of the association were incurred prior to August 14, 1931.

■ This leaves only the question of the applicability of the Act of 1911 (sec. 9). The pertinent provisions of that statute, in our opinion, were violative of section 3, article XII, of the Constitution. The constitutional provision and section 322 of the Civil Code fixed the minimum limit of the liability which could be imposed upon stockholders for corporate debts incurred prior to August 14, 1931. (*Wood* v. *Hamaguchi*, 207 Cal. 79 [277 Pac. 113, 63 A. L. R. 861]; *Rainey* v. *Michel, supra,* p. 284.) The constitutional provision read: "Each stockholder of a corporation . . . shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred, during the time he was a stockholder, as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock, or shares of the corporation or association." Section 322 of the Civil Code provided: "Each stockholder of a corporation is individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation. Any creditor of

the corporation may institute joint or several actions against any of its stockholders, for the proportion of his claim payable by each, and in such action the court must ascertain the proportion of the claim or debt for which each defendant is liable, and a several judgment must be rendered against each, in conformity therewith . . . '' Section 9 of the Act of 1911 stated: ''In every case where any such association . . . shall have a paid in guarantee capital, and the realization of assets shall be insufficient to meet the liabilities due to all other classes of stockholders, shareholders, members and investors, the Commission shall enforce, by action or otherwise, the liability of each and every of the holders of the guarantee capital stock for his or their respective *pro rata* of any such deficiency . . . ''

It will be observed that while the constitutional provision drew no distinction between the individual liability of a stockholder in a solvent corporation and one in an insolvent corporation, the 1911 statute would not come into operation until after the commissioner had taken possession of the business and property of an association for purposes of liquidation; also that while the constitutional provision declared only a direct and primary proportionate liability of the stockholder for debts of the corporation, the statute purported to impose a proportionate liability for any *deficiency* existing at the time of final liquidation, thus including a liability for charges of collection as well as for payment of debts. This was clearly a provision for a further, different, and additional liability from that fixed by the Constitution. Thus, as the statute of 1911 was in conflict with the constitutional provision, it was inoperative and void. (*Wood* v. *Hamaguchi, supra; Rainey* v. *Michel, supra.*)

It follows that, as there is no stockholder's liability which the commissioner is authorized to enforce against the petitioner for debts of the association incurred prior to August 14, 1931 (and these are the only debts for which possible liability is alleged to exist), the withholding of dividends to which the petitioner may be entitled, as an offset against such liability, is wrongful. This pronouncement is not meant to imply that if there were a stockholder's liability, the commissioner would have the right to retain dividends for the purpose of applying them against such liability. This ques-

tion of right of offset need not be determined and we refrain from expressing any views upon it.

The petitioner requests that this court allow it a percentage of the amounts recovered by all the claimants on whose behalf this proceeding was prosecuted as reasonable compensation for its attorneys and to recover the costs which it has incurred herein. This request must be denied. The record herein does not afford a sufficient basis for the fixing of such an allowance by this court.

Let the peremptory writ issue.

Curtis, J., Seawell, J., Waste, C. J., and Langdon, J., concurred.