[S. F. No. 5379.   Department Two.—July 24, 1911.]

THE PEOPLE, etc., by U. S. Webb, Attorney-General, Plaintiff, v. CALIFORNIA SAFE DEPOSIT AND TRUST COMPANY (a Corporation), Defendant.

I. N. HYLEN, and ALASKA FISHERMEN'S UNION, Intervening Petitioners and Appellants, v. EDWARD J. LE BRETON, Receiver, etc., Respondent.

BANKS—COMMERCIAL AND SAVINGS BUSINESS—CONTRACT WITH SAVINGS DEPOSITOR—PREFERENTIAL LIEN.—Where a bank is legally doing

both a savings bank and a commercial bank business, having depositors of both kinds, a provision in the contract entered into with each savings depositor that "the reserve fund, together with the guarantee capital and the assets of the corporation, shall form an absolute security to all depositors for their deposits and declared dividends. In consideration of the security thus afforded, each depositor, by signing these conditions, expressly waives all claim—whether founded upon the statutes or upon the constitution of this state—upon the individual stockholders of this corporation, or any of them, . . . and consents to look for his or her security solely to the guarantee capital, to the reserve funds and assets of the corporation," does not either in terms attempt to create, or in law effect the creation of, any preferential lien in favor of savings depositors.

Id.—Commercial Depositors not Bound by Secret Preferential Lien.—Nor if the attempt were shown, could it be given validity against commercial depositors in ignorance of, and not assenting thereto, for the effect would be as to such depositors to deprive them of their rights to a return of their own funds, or to their ratable share of the assets of the corporation, without knowledge of the secret lien attempted to be created by the bank in favor of another class.

Id.—Preferences between Depositors and Stockholders.—Section 573 of the Civil Code does not give a priority of security in favor of savings depositors over commercial depositors. It simply gives a preference to all depositors who are not stockholders over like depositors who are stockholders, with a provision that the same security may by the by-laws be extended to stockholding depositors.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition of the interveners to have it declared that the savings depositors of the California Safe Deposit and Trust Company, an insolvent bank, were entitled to have their claims paid in advance of the commercial depositors. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

H. W. Hutton, for Appellants.

J. V. de Laveaga, and E. De Los Magee, for Respondent.

HENSHAW, J.—The California Safe Deposit and Trust Company, being insolvent, its assets in the hands of a receiver and its affairs in process of liquidation, I. N. Hylen petitioned the court upon his own behalf as a savings deposi-

tor, and on behalf of others similarly situated, to have it declared that the savings depositors were entitled to have their claims paid in advance of the commercial depositors of the banking corporation. The court denied the petition and this appeal is taken for the determination of this question.

It is conceded that the California Safe Deposit and Trust Company, under its articles of incorporation and by-laws, was entitled to do, and was in fact doing, both a savings bank and a commercial bank business, having depositors of both kinds.

Appellants' contention is that the savings depositors acquired a preferential lien: 1. By virtue of their contract with the bank; and, 2. By virtue of the law.

The asserted preferential lien of contract arises out of the seventh section of the contract printed in each savings depositor's bank book as follows:—

"Seventh. The reserve fund, together with the guarantee capital and the assets of the corporation, shall form an absolute security to all depositors for their deposits and declared dividends. In consideration of the security thus afforded, each depositor, by signing these conditions, expressly waives all claim—whether founded upon the statutes or upon the constitution of this state—upon the individual stockholders of this corporation, or any of them; or his, her, or their heirs, executors or administrators for any losses, and consents to look for his or her security solely to the guarantee capital, to the reserve funds and assets of the corporation."

Analyzing this section, it becomes apparent that all the preliminary part of it is mere words used to darken understanding. The purpose of the section is to work a waiver by the depositors of the stockholders' liability. The somewhat grandiose language to the effect that the reserve fund, together with the guarantee capital and the assets of the corporation, "shall form an absolute security to all depositors," really gave them nothing more than what the law accorded them. "Absolute security" is a high-sounding phrase, but "absolute," as here employed, has little meaning, and is apparently used merely as an impressive epithet. But whether "absolute" was designed to mean "sole," or "the entire," or "the total," or "all," or "adequate," or "only," it is not im-

portant to consider, though it may be said after scanning the last sentence where the declaration is that the depositor consents to look for his security *solely* to the guarantee capital, etc., that the idea really intended to be conveyed by the use of the word "absolute," would make it synonymous with "only" or "sole." But, viewing the section as a whole, it must be apparent that it does not, either in terms attempt to create, nor in law effect the creation of, any preferential lien in favor of savings depositors. Nor if the attempt were shown, could it be given validity against commercial depositors in ignorance of, and not assenting thereto, for the effect would be as to such depositors to deprive them of their right to a return of their own funds, or to their ratable share of the assets of the corporation, without knowledge of the secret lien attempted to be created by the bank in favor of another class.

The contention that the law gives to savings depositors this preferential lien over the commercial depositors is by appellant declared to exist by virtue of section 573 of the Civil Code, to the following effect:—

"Sec. 573. . . . The capital stock and the assets of the corporation are a security to depositors and stockholders, depositors having the priority of security over the stockholders, but the by-laws may provide that the same security shall extend to deposits made by stockholders."

But while establishing liens and priority of liens, this section does not pretend to favor savings depositors over commercial depositors. It simply gives a preference to all depositors who are not stockholders over like depositors who are stockholders, with a provision that the same security may by the by-laws be extended to stockholding depositors. Such is the construction of the law unmistakably set forth in such cases as *Murphy* v. *Pacific Bank,* 119 Cal. 339, [51 Pac. 317] ; s. c. 130 Cal. 542, [62 Pac. 1059] ; *Laidlaw* v. *Pacific Bank,* 137 Cal. 392, [70 Pac. 277].

For these reasons the order appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.