[S. F. No. 15098. In Bank.—July 5, 1934.]

ULRICH DIETHELM, Respondent, v. EDWARD RAINEY, as Superintendent, etc., Appellant.

Sullivan, Roche, Johnson & Barry for Appellant.

Williamson & Wallace for Respondent.

Pillsbury, Madison & Sutro, Alfred Sutro, Eugene M. Prince and A. B. Tanner, as *Amici Curiae* on Behalf of Respondent.

WASTE, C. J.—The Bank of Oakley, with a capital stock of 250 shares of the par value of $100 per share, was organized on August 20, 1920. Plaintiff, at an undisclosed date, became the owner and holder of one share of its stock. In 1925 he opened a savings account with said bank and made deposits therein. On December 19, 1930, the bank became insolvent, whereupon the Superintendent of Banks in the manner provided by law assumed possession of the bank and undertook to administer its affairs as an insolvent bank. In due time plaintiff filed a claim for his deposits which, at the time of the bank's insolvency, aggregated $3,718.77. The Superintendent of Banks rejected the claim and this suit followed. Trial was had on an agreed state-

ment of facts. From a judgment entered in favor of the plaintiff the Superintendent of Banks has prosecuted this appeal.

The disposition of the cause turns on the construction to be placed on section 21 of the Bank Act as it read in 1930 (1 Deering's Gen. Laws (1931), p. 237), the pertinent portion of which is as follows: "The capital and assets of such bank are a security to depositors and stockholders, depositors having the priority of security over stockholders."

It is the appellant's contention, in substance, that respondent, being a stockholder as well as a depositor, is precluded from participating ratably with other depositors and loses all rights as a depositor until the deposits of those creditors, who are not stockholders, are paid in full. In other words, the appellant urges that the section creates a preference in favor of nonstockholding depositors as against stockholding depositors.

Literally construed, the section as above quoted fails, in our opinion, to create the preference contended for by the appellant. Standing alone, uninfluenced by other considerations, the section draws no distinction between depositors. It broadly creates a preference in favor of *all* depositors, stockholding or nonstockholding.

Appellant is inclined to agree with this literal interpretation of the section, for in his opening brief he states that "Upon first impression, and without considering the history of section 21, or authorities relating thereto, one would be inclined to doubt that the priority given to depositors by said section was intended to inure only to the benefit of those depositors who are not stockholders. Indeed, one would be disinclined to place that construction upon section 21, unless compelled to do so, because of its effect upon the depositor who has a substantial deposit in the bank, who holds only a nominal stock interest therein and who takes no active part in its management."

With this literal construction of the section in mind, we turn now to a consideration of its legislative history to ascertain whether a different conclusion is suggested. Appellant contends that the history of the section, and the authorities construing similar statutes superseded by it, definitely indicate the legislative intention to have been to defer the claims of stockholding depositors to those of nonstockholding de-

positors.  He refers us first to section 10 of the act of 1862 (Stats. 1862, p. 201) and to the cases of *Murphy* v. *Pacific Bank*, 119 Cal. 334 [51 Pac. 217], Id., 130 Cal. 542 [62 Pac. 1059], and to *Laidlaw* v. *Pacific Bank*, 137 Cal. 392 [70 Pac. 277], applying the same.  The act of 1862 provided in part that ''the capital stock and the assets of the corporation shall be a security to *depositors who are not stockholders,* and the by-laws may provide that the same security shall extend to deposits made by stockholders''.  This differs materially from the section here involved.  The italicized language expressly limited the preference granted in the act of 1862 to ''depositors who are *not* stockholders'', unless changed by the by-laws.

With the adoption of the codes in 1872, section 573 of the Civil Code came into being.  This court had occasion to refer to the section in *People* v. *California Safe Deposit & Trust Co.,* 160 Cal. 374 [117 Pac. 321].  That section reads, in part, that ''the capital stock and the assets of the corporation are a security to depositors and stockholders, depositors having the priority of security over the stockholders, but the by-laws may provide that the same security shall extend to deposits made by stockholders''.  Here, again, the legislature, by the concluding proviso, definitely evidenced its intention to limit the preference, unless changed by the by-laws, to nonstockholding depositors.

We come now to section 21 of the Bank Act, adopted in 1909 (Stats. 1909, p. 92), which section is now before us for construction.  This section superseded section 573, *supra,* as to banking corporations thereafter organized.  As originally enacted, section 21 of the Bank Act was identical with the former section 573, providing, in part, that ''the capital and the assets of the bank are a security to depositors and stockholders, depositors having the priority of security over the stockholders, but the by-laws may provide that the same security shall extend to deposits made by stockholders''.  Thus, again, the legislature by the language employed definitely evidenced an intention to prefer nonstockholding depositors over stockholding depositors, unless changed by the by-laws.  The section remained unchanged from 1909 to 1913, at which time (Stats. 1913, p. 147) the legislature deleted the concluding proviso to the effect that ''the by-laws may provide that the same security shall ex-

tend to deposits made by stockholders''. As so amended, and until subsequent to the insolvency of the Bank of Oakley, the section provided, as first set out above, that ''the capital and assets of any such bank are a security to depositors and stockholders, depositors having the priority of security over stockholders''.

We have already indicated that a literal construction of the section in this form fails to evidence a legislative intention to prefer nonstockholding depositors over stockholding depositors. Appellant, while so conceding, urges that the legislature by deleting the language providing for an equality between depositors by by-law provision intended to preclude such equality and to create a preference in favor of nonstockholding depositors. The point is arguable and the contention cannot be said to be without a semblance of merit. However, we are not inclined to accept the appellant's reasoning. Inasmuch as a literal construction of the section as so amended fails to disclose the preference contended for by the appellant, and inasmuch as the deleted proviso theretofore was the only language in the section indicative of a distinction between stockholders, we are inclined to accept its elimination from the section as evidence of a legislative intention to place all depositors of an insolvent bank on an equal basis in the matter of participating ratably in dividends.

This conclusion not only avoids a harsh result, but is in accord with a recent amendment of the section (Stats. 1933, p. 1178) which now provides that stockholding depositors may enjoy the same priority as other depositors. The section as amended in 1933 reads: ''The capital and assets of any such bank are a security to depositors and stockholders, depositors having the priority of security over stockholders; provided, however, that any stockholder who is also a depositor and who has paid all assessments, debts or other obligations due from him to the bank shall enjoy the same priority as other depositors.''

Appellant points to the 1933 amendment as the first and only *express* legislative declaration of equality between stockholding and nonstockholding depositors of an insolvent bank and argues that prior to this amendment of the section the legislature could not therefore have intended such equality. This reasoning, too, must be conceded to have

some merit, but, again, we are inclined to adopt that reasoning which tends to support the literal construction of the section as it read in 1930 when the Bank of Oakley went into liquidation. In other words, we are inclined to accept the 1933 amendment as some evidence that the legislature by expressly providing for an equality on specified conditions, between all depositors was merely attempting to clarify its intention in theretofore deleting from the section the proviso that previously gave rise to a distinction between stockholders, thus removing any ambiguity in the section as previously amended. One interpretation of this most recent amendment of the section is as reasonable as the other, and we are therefore inclined to accept that which is in accord with the literal construction of the section as it read when the Bank of Oakley became insolvent in 1930 and which, in addition, precludes the harsh result which would follow were we to adopt appellant's theory.

The conclusion we have reached makes it unnecessary for us to here determine whether such a distinction as appellant contends for between stockholding and nonstockholding depositors of an insolvent bank would run counter, as respondent urges, to the case of *Wood* v. *Hamaguchi,* 207 Cal. 79 [277 Pac. 113, 63 A. L. R. 861] and to section 3 of article XII of the state Constitution, as creating a personal liability against stockholders, who are also depositors of a bank in liquidation, in excess of and in addition to that created and authorized by the constitutional provision. In view of our conclusion, any expression of opinion on this point would be *dictum.* We therefore leave the question open.

The judgment is affirmed.

Langdon, J., Preston, J., Shenk, J., and Thompson, J., concurred.